BURT, Respondent, vs. THE DOUGLAS COUNTY STREET RAILWAY COMPANY, Appellant.

*September 27 — October 25, 1892.*

*Street railways: Negligence: Injury to passenger by electric shock: Contributory negligence.*

1. By reason of defective insulation the iron handles on the dash boards of electric cars had become charged with electricity. Plaintiff, a passenger, while swinging from the step of one car to that of another with the aid of said handles, received a shock and was injured. The company, having the means of readily ascertaining the escape of electricity from the works of the car, is *held* to have been chargeable with notice thereof and that the handles were liable to become charged and to give a shock to any one passing from one car to another.

2. It had been customary for the conductors and for passengers thus to pass from one car to another while they were in motion. There was no rule against it, and no objection had been made or caution given, and there was no apparent reason to apprehend that a shock would be received in so doing. *Held*, that it could not be said, as matter of law that plaintiff was guilty of contributory negligence.

APPEAL from the Circuit Court for *Douglas* County.

The action is to recover damages for personal injuries to plaintiff, alleged to have been caused by the negligence of the defendant company. The company owns and operates a street railway in Superior city. The cars used thereon are propelled by electric power. On the evening of December 23, 1890, two cars, attached together by a draw-

bar, were being run by the company on its railway, for the transportation of passengers. Each car was constructed in the usual way, with a platform on either end outside the car, guarded by a dashboard with an iron handle or guard attached thereto. The plaintiff took passage on the first car, called a "motor car;" but, because there was no fire therein and the weather was cold, he attempted, when the cars were in motion, to pass to the rear car or trailer, in which there was a fire. To do so it was necessary that he should take hold of the iron handle on each car, and step about three feet from the lower step of one platform to the lower step of the other. There was no proper insulation of the wires attached to these cars for conducting the motive power, and as a result thereof the electricity escaped, and such iron handles became heavily charged therewith. This condition was unknown to the plaintiff. When he took hold of the two handles a circuit was formed for the passage of the electricity, and he received a severe shock. He was unable to loosen his hold therefrom, and was dragged a considerable distance, helpless and insensible, and was quite severely injured.

On the trial the jury found specially that the cars in which the plaintiff was a passenger were out of repair, in that the electricity was allowed to escape from its proper channel to the handles which the plaintiff took hold of in attempting to pass from one car to the other; that the company was guilty of negligence in allowing its cars and electrical appliances to remain in that condition; that such negligence was the proximate cause of the plaintiff's injuries; and that plaintiff was not guilty of any negligence which contributed to such injuries. The jury also assessed plaintiff's damages at $1,500.

A motion on behalf of defendant for a new trial was denied, and judgment entered for plaintiff pursuant to the verdict. The defendant appeals from the judgment.

For the appellant there was a brief by *F. G. Wixon*, attorney, and *Ross, Dwyer, Smith, Hanitch & Douglas*, of counsel, and oral argument by *Frank A. Ross*. They contended that, under all the circumstances, plaintiff's act was contributory negligence such as to bar a recovery. *Downey v. Hendrie*, 46 Mich. 498; *Hickey v. B. & L. R. Co.* 14 Allen, 429; *Indianapolis & C. R. Co. v. Rutherford*, 29 Ind. 82; *Solomon v. C. P., N. & E. R. R. Co.* 1 Sweeny (N. Y. Super. Ct.), 298; *Spooner v. Brooklyn C. R. Co.* 31 Barb. 419; *Galena & C. U. R. Co. v. Yarwood*, 15 Ill. 468; *Clark v. Eighth Ave. R. Co.* 36 N. Y. 136; *Morrison v. Erie R. Co.* 56 id. 302; *Tregear v. D. D. & R. Co.* 14 Abb. Pr. (N. S.), 50–58; *Railroad Co. v. Jones*, 95 U. S. 439; *Dietrich v. B. & H. S. R. Co.* 58 Md. 357; *Griswold v. C. & N. W. R. Co.* 64 Wis. 652; 2 Shearm. & Redf. Neg. 525; *Hoye v. C. & N. W. R. Co.* 67 Wis. 1–15; *Gavett v. M. & L. R. Co.* 16 Gray, 501; *Ricketts v. Birm. St. R. Co.* 85 Ala. 600.

For the respondent there was a brief by *Knowles, Dickinson, Buchanan, Graham & Wilson*, and oral argument by *Geo. P. Knowles*. They argued, among other things, that the presumption of negligence of the plaintiff arising out of his exposed position is overcome by showing that the position had nothing to do with the injury. The proximate cause was the current of electricity which the defendant negligently allowed to escape from its proper channel. In the absence of instructions or notice by the company to passengers not to go from one car to the other while the train was in motion, there is an implied license that they may do so, subject, however, to the ordinary risks obviously involved. If the electricity had not been in the handles of the car, so far as appears, the respondent would have gone over in perfect safety. *Costikyan v. Rome, W. & O. R. Co.* 128 N. Y. 633; *Nolan v. Brooklyn St. R. Co.* 87 id. 63; *Willis v. Long I. R. Co.* 34 id. 670; *Upham v. Detroit C. R. Co.* 48 N. W. Rep. 199; *Thirteenth & F. Sts. P. Co. v.*

*Boudrou,* 2 Am. & Eng. R. Cas. 30; *Cummings v. Nat. F. Co.* 60 Wis. 603. If the plaintiff, though negligent, would not have been injured had proper care been observed by the railway company, he may maintain the action. *Baltimore & O. R. Co. v. Kean,* 28 Am. & Eng. R. Cas. 580; *Troy v. C. F. & Y. V. R. Co.* 34 id. 13.

LYON, C. J. The learned counsel for the defendant company made the point in his argument that the company had no notice or knowledge of the peril that a person passing from one car to another, in the manner the plaintiff attempted so to pass, might receive an electric shock. He argues therefrom that the company is not liable in this action. We think the point is not well taken. The company was chargeable with notice that the electrical apparatus on its cars was in a defective condition, for it appears that it had the means of readily ascertaining whether any electricity was escaping from the machine and works in the body of the car; and knowledge must be imputed to the company that if it escaped the iron handles of the platform were liable to become charged therewith.

The only other question argued in the case is whether the evidence conclusively proves that the attempt of plaintiff to pass from one car to the other when the cars were in motion, in the manner he did, was negligence on his part which contributed directly to the injury of which he complains. Or, stated in another form, was it error for the trial court to submit the question of contributory negligence to the jury? The testimony tends to prove that the company had no rule prohibiting passengers from stepping from the platform of one car to the platform of the other when the cars were in motion, and had never given any caution against the practice; that before plaintiff was injured, passengers on those cars, among whom was the plaintiff, frequently did so without objection on the part

of the company; and that the car conductors constantly passed from one car to another, when the same were in motion, in the same manner. Morever, while it may reasonably be claimed that in thus passing from one car to another there was some peril of being thrown from and under the cars, there was no apparent reason to apprehend, and the plaintiff did not apprehend, the presence of any peril that by so doing he would come in contact with a current of electricity. Under these circumstances, we cannot say that contributory negligence on the part of plaintiff was conclusively proved. Hence it was not error to submit that question to the jury.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 18 L. R. A. 479.— REP.

