## JACOB HOEHN

### v.

## CHICAGO, PEORIA AND ST. LOUIS RAILWAY COMPANY.

*Filed at Mt. Vernon October 22, 1894.*

1. EVIDENCE—*expulsion of passenger—conclusion of witness not proper.* Where the question is whether a conductor, by threats or force, compelled a passenger to alight from a moving train, whereby he was injured, it is not proper for such passenger to testify, in his own behalf, that he got off because he "was in danger," that being merely the conclusion of the witness.

| | |
|---|---|
| 152 | 223 |
| 161 | 109 |
| 152 | 223 |
| 61a | 534 |
| 152 | 223 |
| 166 | 629 |
| 152 | 223 |
| 171 | 11 |
| 152 | 223 |
| 76a | 616 |
| 152 | 223 |
| 77a | 59 |
| 77a | 198 |
| 152 | 223 |
| 82a | 376 |
| 152 | 223 |
| 180 | 533 |
| 152 | 223 |
| 187 | [2]474 |
| 90a | [2] 53 |
| 152 | 223 |
| 100a | [2]152 |
| j100a | [2]493 |
| 152 | 223 |
| 104a | [2]126 |
| 105a | [1]598 |

148 Ind 195

2. NEGLIGENCE—*when a question of law.* Where the conduct of the party charged with negligence is so clearly and palpably negligent that all reasonable 'minds would so pronounce it, the court may then so pronounce it as a matter of law.

3. INSTRUCTIONS—*as to what will constitute contributory negligence.* Where it is alleged that a conductor, by threats, compelled a passenger to alight from a moving train, it is not reversible error to instruct the jury that if the passenger "voluntarily got off" or "deliberately jumped off," or, having voluntarily gone upon the platform, was thrown off by the motion of the car, then his negligence was such that he cannot recover.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. CYRUS L. COOK, and Mr. E. BREESE GLASS, for the appellant :

Negligence is a question of fact, and not of law, and therefore an instruction which defines particular acts, or their omission, as negligence, is erroneous, and should not be given. *Chicago* v. *McLean,* 133 Ill. 154 ; *Pennsylvania Co.* v. *Frana,* 112 id. 405; *Railway Co.* v. *O'Connor,* 115 id. 258; *Myers* v. *Railway Co.* 113 id. 386 ; *Railway Co.* v. *Elliott,* 98 id. 481 ; *Railway Co.* v. *Hundt,* 41 id. 221.

The court should define negligence, but leave all inferences arising from the facts proved, to the jury, and must not tell the jury that negligence is proven by proof of certain acts, or their omission, as is done by the court in the third and fifth instructions for defendant. *Chicago* v. *Moore,* 139 Ill. 201 ; *Frana* v. *Pennsylvania Co.* 112 id. 398 ; *Hutchinson* v. *Railway Co.* 120 id. 587 ; *Myers* v. *Railroad Co.* 113 id. 386; *Chicago* v. *McLean,* 133 id. 148; *Railway Co.* v. *Voelker,* 129 id. 552 ; *Pennsylvania Co.* v. *Conlan,* 101 id. 106; *Railroad Co.* v. *O'Connor,* 119 id. 597 ; *Pennsylvania Co.* v. *Marshall,* 119 id. 399; *Railroad Co.* v. *Pennell,* 94 id. 448 ; *Brown* v. *Aurora,* 109 id. 165 ; *Railroad Co.* v. *Haworth,* 39 id. 346 ; *Railroad Co.* v. *Adler,* 28 id. 102 ; *Railroad Co.* v. *Fisher,* 141 id. 614.

Not only is negligence a question of fact, for the jury, but comparative negligence is also a question for the jury. *Railroad Co.* v. *Warner*, 123 Ill. 38 ; *Railroad Co.* v. *Haskins*, 115 id. 300.

Messrs. DALE, BRADSHAW & TERRY, for the appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court :

This is an action of trespass on the case, by appellant, against appellee, begun in the circuit court of Madison county, to recover for a personal injury alleged to have been received by the wrongful act of one of its servants.

The declaration is of two counts, both charging that plaintiff was wrongfully and forcibly put off of one of defendant's trains, on which he was riding as a passenger, having paid his fare, etc. The first alleges that the conductor did not use due care to permit plaintiff to alight from the train, but carelessly and willfully ran the train past the station of Edwardsville, where he was to get off, and that he was there "forced and compelled to alight from said train by the conductor, who laid hands upon the plaintiff, and told him that unless he jumped off then and there he would kick him off the said train, whereby the said plaintiff was then and there forced to step from said train, and in so doing was thrown with great violence and force to the ground, etc., whereby he was greatly injured," etc. The second charges his forcible removal from the car, in the following language : "The conductor then and there refused to stop said train, as agreed upon with plaintiff, but ran said train through Edwardsville, aforesaid, to the eastern limits thereof, where the conductor ordered the plaintiff to get off the said train and while the same was in motion, but the plaintiff, with all due care and diligence, refused to alight from said train while the same was in motion, as aforesaid, whereupon the conductor * * * carelessly and negligently placed his hands upon plaintiff, and willfully forced the plaintiff

to alight from the door of said car in said train to and upon the ground, with great force and violence," whereby, etc., he was greatly injured, etc. The plea was, not guilty, and upon a trial by jury a verdict for the defendant was returned, and judgment entered thereon against the plaintiff for the cost of the suit. That judgment having been affirmed by the Appellate Court, this appeal is prosecuted.

It will be seen from the foregoing statement that the *gravamen* of the charge against the defendant, in each count of the declaration, is not one of mere negligence, but the wrongful act of its conductor in forcing plaintiff, by violence and threats, to leave the train while it was in motion.

It was insisted by the defendant, on the trial, that plaintiff was not a passenger upon its train, but wrongfully there, and without having paid any fare. There was a conflict of evidence on that question, and we think the verdict of the jury might have been predicated upon the failure of the plaintiff to prove that allegation of his declaration. But it is unnecessary to discuss that phase of the case.

At the request of the defendant the court propounded to the jury special interrogatories, to which they made answers, as follows :

*First*—"Was the conductor using any force to compel the plaintiff to leave the train at the time the plaintiff in fact got off of said train?" Which was answered, "No."

*Second*—"Did not the plaintiff deliberately select a place at which to jump off of said train while said train was in motion, and while no force was being used to compel him to get off said train?" Which the jury answered, "Yes."

It is not pretended that the evidence introduced on the trial did not tend to support both these findings. The general verdict is also a finding to the same effect. Unless, therefore, this result was produced, in whole or in part, by some erroneous ruling of the trial court, the

judgment of the Appellate Court conclusively settles the fact that plaintiff was not forcibly put off the train, but voluntarily left it.    In other words, both the special and general verdicts found that the allegations of his declaration as to the manner in which he received his injury were not proved, and the judgment of the Appellate Court affirming that finding is final and conclusive of the fact.

Plaintiff was asked, "Why did you get off the train?" and answered, "I saw I was in danger."    On objection by defendant's counsel his answer was stricken out, and this ruling is the only alleged error in the admission or exclusion of evidence tending to show the manner in which plaintiff left the car.    The question called for the mere conclusion of the witness, and his answer amounted to his conclusion, and nothing more.    It was for the jury to say, from all the facts proved, why he got off the train, viz., whether he got off voluntarily or was forced to do so.    He was allowed to state, not only once, but repeatedly, his version of the facts bearing on that question. The ruling of the court in excluding his answer to the foregoing question was entirely proper.

Objection is made that certain evidence offered on behalf of plaintiff, pertaining to the damages he had sustained, was improperly excluded.    In the view we take of the case the question of damages is wholly immaterial, no right of action whatever being shown.    There was, however, no substantial error in the exclusion of the offered evidence on that subject.

It is insisted that the circuit court erred in refusing the fifth, sixth, seventh, eighth and ninth instructions asked by plaintiff, and in giving the third and fifth on behalf of defendant.    The first, second and third instructions given at the request of the plaintiff clearly and fully state the law as to his right of recovery under the declaration.    Waiving all other objections to those refused, (some of which are glaringly erroneous,) they

amount to no more than a re-statement, in an argumentative way, of the law of the case as expressed in those which were given, and were for that reason properly refused. The first given told the jury, that if the evidence showed plaintiff was on the train by consent of the conductor, for the purpose of being carried from a place near Stallings station to Edwardsville, and that upon the arrival at the latter place the defendant, by its employees or servants, "either negligently or willfully ran the train past the platform and depot of the defendant in Edwardsville, and did not stop said train at said depot or platform in Edwardsville, and that the conductor of said train willfully forced the plaintiff to alight from said train while the same was in motion, and that the plaintiff thereby sustained the injuries charged in the declaration, then the jury should find for the plaintiff." The second states, broadly, "if the jury believe, from the evidence, that the plaintiff was, by the conductor of the train of the defendant company, forced from the train while the same was running, then the jury should assess the plaintiff's damages, if he has sustained any; and in fixing the damages the jury should consider all the evidence, the manner in which the plaintiff got off the train, and the suffering and pain of plaintiff, as shown by the whole proof." The third told the jury, "if they believe, from the evidence, that plaintiff has proved the facts stated in his declaration, then in fixing the damages," etc., thereby assuming his right to recover upon proof of the facts stated in his declaration. How it can be seriously contended, in the face of these instructions, that the plaintiff was prejudiced by the refusal of others, we are at a loss to perceive.

The third and fifth instructions given on behalf of defendant are objected to as erroneous. The third states that if "the plaintiff went upon the steps of the caboose car and stood upon the steps of the same, and while the train was in motion voluntarily got off, * * * or was

thrown off by the motion of the train, and thereby received the injuries complained of, then plaintiff was guilty of contributory negligence in producing the injury, and he cannot recover." The fifth also states, that "if plaintiff got on the steps, and if he deliberately selected a place to alight from said car, and did in fact jump off said car while the conductor was in another part of said car and was using no effort to force the plaintiff off said car, then said plaintiff was guilty of negligence in so getting off of said car, and has no right to recover a verdict in this case."

Negligence is generally a question of fact, and these instructions, in so far as they assume to say that certain acts of the plaintiff, if proved, would amount to negligence in law, would, under the general rule, be subject to just criticism. There is, however, this exception to the rule, that the court may not properly say to the jury that negligence has been established as a matter of law. If the conduct of the party charged with negligence, or whose duty it is to use due care, "is so clearly and palpably negligent that all reasonable minds would so pronounce it without hesitation or dissent," then the court may so pronounce it by instructions to the jury. (Beach on Contrib. Negligence, 454; Cooley on Torts, 650.) This view is recognized in *Railway Co.* v. *O'Connor*, 119 Ill. 586, and *Railway Co.* v. *Johnsen*, 135 id. 641. If, as a matter of fact, (and both of these instructions require the jury to so find from the evidence,) the plaintiff, under the circumstances stated, voluntarily got out of the car upon the steps while the train was in motion, and voluntarily got off, "deliberately jumped off," or was even thrown off by the motion of the car, and thereby injured, there would be no reasonable ground for a difference of opinion as to his contributory negligence, and therefore there was no reversible error in giving the instructions. And again, the question of negligence does not properly enter into the case. As before said, the charge against the defendant

is that the conductor wrongfully and forcibly put plaintiff off the train.    If that charge had been proved, plaintiff's negligence would have been no defense.    If, on the other hand, plaintiff, of his own choice, got off the car, getting first on the steps and voluntarily jumping or being thrown off by the motion of the car, he could not recover in this case, not because his negligence caused or contributed to the injury, but because he was not, as alleged, forced off by the violence or threats of the conductor.    The statement in the instruction that plaintiff was guilty of negligence was therefore harmless.    If the jury believed the facts stated in the body of the instructions, the conclusion that "he could not recover in this case" was clearly right.    We do not think either of these instructions could have misled the jury to the prejudice of the plaintiff.

On the whole record the judgment of the Appellate Court is right, and it will be affirmed.

*Judgment affirmed.*