FRANK M. BLOCK

v.

SWIFT & CO.

*Filed at Ottawa March 28, 1896.*

1. TRIAL—*what evidence as to negligence makes question for the jury.*
Evidence must be of such a character that reasonable minds may
differ as to the conclusions to be drawn from it, in order to make
a question for the jury as to negligence.

2. MASTER AND SERVANT—*getting upon elevator in motion—right to
recover for resulting injury.* An employee injured in attempting to
get upon an elevator while it is ascending, when it was not his duty
to do so, cannot recover from his employer for the injury, in the
absence of negligence by the person running the elevator.

*Block* v. *Swift & Co.* 58 Ill. App. 354, affirmed.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Circuit
Court of Cook county; the Hon. FRANK BAKER, Judge,
presiding.

CASE, HOGAN & CASE, for appellant.

JOHN A. POST, (SAMUEL S. PAGE, of counsel,) for ap-
pellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court :

Appellant brought this suit to recover for injuries
sustained while in the service of appellee, which it was
charged were due to its negligence. On the trial in the
circuit court, at the close of the evidence for appellant,
the court directed a verdict for appellee, which was re-
turned, and judgment entered accordingly. That judg-
ment has been affirmed by the Appellate Court.

It is contended that the evidence for the plaintiff was
of such character as to require its submission to the
consideration of the jury. The evidence consisted of the
testimony of the plaintiff and one other witness who was

called and examined on his behalf, by which the following facts were established: In February, 1891, plaintiff was in the employ of defendant, trucking hams from the cellar of its establishment to the third floor. The truck was a box on wheels, which was loaded at a chute, when plaintiff would, take the truck and wheel it to an elevator, which was operated by a man from the fourth floor. The elevator was operated by means of a lever, and there were signals from below when to start it. At the time of the injury plaintiff wheeled his truck of hams on the platform of the elevator and got on himself with it, as usual. There was another man who was also on the elevator with a load of hog-fat. They shut the door of the elevator shaft and said "All right," as a signal to start. The man in charge of the elevator attempted, three or four times, to start it, but it did not move, and sank down about six or eight inches below the level of the floor. It appeared to be too heavily loaded. The men got off and another effort was made from above to lift the elevator, and it came slowly up just even with the floor, when plaintiff put his right foot on the elevator and took hold of the truck to pull it off. There was a pit below the floor, into which the elevator went, to make an air cushion, which caused a suction in the pit. When the platform of the elevator got above the pit it was relieved from the suction, and while plaintiff was trying to pull the truck off, the elevator started up more rapidly and he did not succeed in getting fully on the platform, but was caught between the elevator and the first floor and lost his leg.

It is argued that this evidence raised questions of negligence on the part of the respective parties upon which the court had no right to pass. The plaintiff could recover only by proving ordinary care on his part and negligence on the part of the defendant, and we agree with the Appellate Court that there was not sufficient evidence before the jury in support of either of these

propositions to present an issue of fact, under the pleadings, calling for the consideration of a jury. In order to present such a question the evidence must be of such a character that reasonable minds might differ as to the conclusions to be drawn from it. If there could be no such difference the conclusion might be properly declared as a question of law. In *Hoehn* v. *Chicago, Peoria and St. Louis Railway Co.* 152 Ill. 223, it was said: "If the conduct of the party charged with negligence, or whose duty it is to use due care, 'is so clearly and palpably negligent that all reasonable minds would so pronounce it without hesitation or dissent,' then the court may so pronounce it by instructions to the jury." In *Wabash Railway Co.* v. *Brown*, 152 Ill. 484, it was held, that where, from the facts admitted or conclusively proved, there is no reasonable chance that reasonable minds would reach a different conclusion as to negligence, it becomes a question of law. If negligence may or may not result from the facts proved, the question is for the jury; but if a conclusion of negligence necessarily results from the facts, the court may say, as a matter of law, that such facts establish negligence. (*Illinois Central Railroad Co.* v. *Larson*, 152 Ill. 326.) Where the evidence on the subject of negligence is of such nature that the court may pronounce upon it, it is the duty of the court to direct a verdict in accordance with the conclusion. (*Werk* v. *Illinois Steel Co.* 154 Ill. 427.) It is for the court to say whether there is sufficient evidence before the jury to present an issue of fact under the pleadings, and if there shall not be, to direct what verdict shall be returned. *Commercial Ins. Co.* v. *Scammon*, 123 Ill. 601.

In this case there was an entire want of evidence of any negligence or improper conduct on the part of the person in charge of the elevator. There was no duty on the part of the plaintiff to get upon the elevator while ascending, and his injury resulted from his attempt. That his act in making such attempt was the cause of

his injury, and that the act was negligence, does not admit of controversy. The evidence, with all the inferences which the jury might justifiably draw from it, was legally insufficient to support a verdict for the plaintiff, and the court was justified in directing a verdict for the defendant.

The judgment will be affirmed.      *Judgment affirmed.*