**Lake Shore and M. S. Ry. Co. v. William Kelsey, by His Next Friend.**

1. NEGLIGENCE—*Standing on the Steps of Railway Cars.*—Standing on the steps of a railway car when the train is in motion, although *prima facie* evidence of negligence, is not negligence under all circumstances, *per se*, and as a matter of law. Nevertheless, riding on the lower step of the platform of an ordinary railway train going at a high rate of speed would doubtless be regarded as gross negligence in a passenger, unless some good reason appeared for so doing other than voluntary choice. But whether it is negligence or not is a conclusion of fact from the circumstances.

2. SAME—*A Question for the Jury.*—It is a fair question for the jury whether, under circumstances in evidence, a passenger was or was not guilty of contributory negligence. If the conduct of the party, whose duty it is to use due care, is so clearly and palpably negligent that all reasonable minds would so pronounce it without hesitation or dissent, then the court may so pronounce and so instruct the jury.

3. RAILROADS—*Rules, When Binding upon Passengers.*—A regulation of a railroad company which is reasonable and proper, is binding upon a passenger when he has notice of it, or the circumstances are such that he ought to have had such notice, and it should be obeyed so far as the conditions will permit.

**Trespass on the Case,** for personal injuries. Trial in the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court, First District, at the March term, 1898. Affirmed. Opinion filed June 21, 1898.

## STATEMENT.

This is a suit to recover for personal injury. Appellee, a boy fifteen years of age, while riding on the lower step of the platform of a passenger coach belonging to appellant, over the tracks of the Union Stock Yard & Transit Company, was struck by a car standing upon a side track, thrown from the train and injured. He was holding on to the iron railing of the platform, and standing with his back toward the car by which he was struck. It was contended by appellant that the boy was stealing a ride. The jury, in answer to a special question, however, found otherwise. He

had not, up to the time of the accident, paid any fare, but testified that he was ready to do so. The train was run for the convenience of workmen employed at the Stock Yards. There is conflict in the testimony as to whether the platform and the car were or were not crowded, but the jury found specially that there was no room on the platform of the car for the plaintiff to stand. There is testimony tending to show that the car by which the boy was struck, was standing upon a side track, which gradually approached and ran into the main track at a point near where the accident occurred. The cars did not come into actual contact with each other, but there is conflict in the testimony as to the width of the intervening space. The jury found in favor of appellee, and judgment was rendered accordingly.

PAM, DONNELLY & GLENNON, attorneys for appellant.

W. A. HAMILTON, attorney for appellee.

MR. JUSTICE FREEMAN, after making the foregoing statement, delivered the opinion of the court.

Appellant seeks a reversal of this judgment, chiefly upon the ground that the boy, as it is claimed, was not exercising due care for his own safety, first, because he was standing on the lowest step of the car platform holding on to the railing, with his back to the side track in question; and, second, because his head and body were projecting beyond the outer side of the coach upon which he was riding.

The train was operated for the accommodation of workmen. It made thirteen stops between Van Buren street and its terminal station. Its rate of speed was about seven miles an hour. In these respects it differed materially from an ordinary railway train running at full speed and for longer distances, to which a stricter rule as to the exercise of due care would be applicable. North Chicago St. Ry. Co. v. Williams, 140 Ill. 275, 282.

Standing on the steps of a railway car when the train is in motion, although *prima facie* evidence of negligence, is

not negligence under all circumstances, *per se*, and as a matter of law. Chicago & A. R. R. Co. v. Fisher, 141 Ill. 614, 627, and cases there cited.

Nevertheless riding on the lower step of the platform of an ordinary railway train going at a high rate of speed would doubtless be regarded as gross negligence in a passenger, unless some good reason appears for so doing other than voluntary choice. But whether it is negligence or not is a conclusion of fact from the circumstances. In the present case there is testimony tending to show that the platform was crowded when the boy boarded the car at Forty-seventh street, and the jury specially found that there was no room for him to stand on the platform, in other words, that he may have been there from necessity. The accident occurred at Forty-fifth street. He had ridden, therefore, about two blocks in this position before he was injured. We can not say that the jury were not justified in finding that the boy had been unable to get upon the platform, and that under these circumstances he was not guilty of negligence in that respect.

But it is urged that if there was contributory negligence in no other way, there certainly was such negligence when the boy projected his body outside of the line of the coach upon which he was riding.

It is claimed on the part of appellant that the space between the moving coach and the car by which the boy was struck was something like a foot and a half in width. This was testified to as an estimate or opinion, but not as a positive fact based upon measurements or actual knowledge. The jury were at liberty to reach their own conclusions as to the correctness of this estimate, and we do not regard its correctness as proven. On the contrary, there is evidence of facts and circumstances tending to disprove the claim that the space in question was so wide. In the case of North Chicago St. R. R. Co. v. Williams, above referred to, it is said that where a railroad company places its tracks so near an obstruction which it is necessary for its cars to pass, that its passengers while riding are in danger of being

injured by contact with such obstruction, it is a fair question for the jury whether the company is or is not guilty of negligence. In the present case the negligence of the company in this respect is not seriously controverted. It is in like manner a fair question for the jury whether, under the circumstances in evidence, the passenger was or was not guilty of contributory negligence. If the conduct of the party whose duty it is to use due care "is so clearly and palpably negligent that all reasonable minds would so pronounce it without hesitation or dissent," then the court may so pronounce and so instruct the jury. Hoehn v. Chicago, P. & St. L. Ry. Co., 152 Ill. 223–229, and cases cited.

In the present case we can not say that the boy who was injured was so palpably negligent. If it be true that, having got on the train but a few moments before, he had been unable to get upon the platform because of the number of persons in advance of him, and that holding on to the railing he inadvertently projected his body beyond the line of the coach and was struck by a car negligently left standing upon a side track near its junction with the track upon which he was riding, and was thus injured, it is, we think, a question for the jury whether, under the circumstances, he was or was not in the exercise of due and proper care, such as would prevent him from maintaining the action, and by their verdict they have determined the question in favor of the appellee. That they were unable to determine from the evidence whether there was standing room in the aisles of the coach upon which the boy was riding, or whether there were vacant seats in the other cars, is in no way inconsistent with such finding.

Objection is made to the first instruction given at the instance of appellee's counsel, that it assumes the existence of a disputed fact, namely, that appellee was a passenger. The objection is, we think, unfounded. No such assumption appears in the instruction; and as to the disputed fact the jury found in answer to a special interrogatory that the boy was not on the train with the intention of stealing a ride.

Other instructions are objected to, but we find no material error in the action of the trial court in giving or refusing them. They state with substantial correctness the law applicable to the evidence. A regulation of the company which is reasonable and proper is binding upon a passenger when the latter has notice of it, or the circumstances are such that he ought to have such notice, and it should be obeyed so far as the conditions permit.

Our attention is called to certain alleged errors in excluding testimony offered on behalf of appellee. Some of this evidence was clearly admissible, but inasmuch as appellee does not complain of the result of the trial, it is not necessary to state at length the reasons for so holding.

The judgment of the Circuit Court is affirmed.