## Frederick W. Eickhof v. Chicago North Shore St. Ry. Co. and North Chicago St. R. R. Co.

1.  INSTRUCTIONS—*To Find Defendant Not Guilty—When Proper.*— If the conduct of a party whose duty it is to use care is so clearly and palpably negligent that all reasonable minds would so pronounce it without hesitation or dissent, then the court may instruct the jury to find for the defendant.

2.  NEGLIGENCE—*Of the Person Suing for Personal Injuries.*—When a person is injured by ordinary agencies in consequence of passing from one car to another because of· the ordinary vibration, or failure to get a firm foothold or grasp, or by losing his hold on the car, or a misstep, or losing his balance, his own negligence would prevent recovery.

3.  ELECTRICITY—*Injury by.*—Where the fact is established that an injury is inflicted by escaping electricity, a *prima facie* case of negligence is established.

4.  NEW TRIALS—*Presumptions as to Decision of Trial Court.*—The judge who tries a case, and hears all the evidence, is presumed to decide a motion for a new trial in view of all the proof adduced, and it must be presumed that his decision is correct until error is shown.

.5.  BILL OF EXCEPTIONS—*Where it Does Not Contain all the Evidence.* —Where the bill of exceptions does not purport to contain all of the evidence, the court can not disturb the verdict on the evidence it does contain, even if it is insufficient.

6.  APPELLATE COURT PRACTICE—*Instructions Not Considered Where the Bill of Exceptions Does Not Purport to Contain all the Evidence.*— The Appellate Court will not consider the instructions unless all the evidence upon which they were based, is before it.

7.  SAME—*Where the Court Will Presume the Evidence Warrants the Finding.*—Where the error assigned, questions the finding of the jury under the evidence before them, all the evidence must be preserved in the bill of exceptions, and it must so state, or the court will presume that there was evidence to warrant the finding.

**Trespass on the Case,** for personal injuries. Trial in the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the

Branch Appellate Court of the First District, at the March term, 1898. Affirmed.   Opinion filed July 16, 1898.

Clark Varnum, attorney for appellant.

Alexander Clark, attorney for C. N. S. St. Ry. Co.

Egbert Jamieson and John A. Rose, attorneys for appellee North Chicago Street Railroad Company.

Mr. Justice Freeman delivered the opinion of the court.

Where, as in this case, at the close of the plaintiff's testimony, an instruction directing the jury to return a verdict for defendants is given, the question to be considered is, whether the evidence presented tended to prove the averments of the declaration.   Foster v. Wadsworth-Howland Co., 168 Ill. 514 (517), and cases there cited.

Appellees' contention is that appellant's evidence, so far as it appears in the record, shows such negligence contributing to the alleged injury as to prevent the latter from recovering, and that the jury were properly instructed to find for the defendants.

Appellant was endeavoring to pass from the foot-board running along the outside of one street car to the foot-board of another, while the train was in motion.   He says that he undertook to do this in obedience to what is called in the argument of his counsel " the conductor's orders." But the testimony, so far as it appears in the record, tends to show no such order.   At the most it was a statement that if he wished to go down town without paying two fares, he would have to go over to the rear car and get a transfer.   But he was not " ordered " to get on the rear car, nor was it intimated that he was expected to do so at any time while the train was in motion.   The conductor of that rear car spoke to him when he first got on the car next to the last one of the train, while he was standing on the foot-board and before the train had started; and it was " just starting " according to his own statement, when he was told " to come over and get a transfer."   There is nothing

in this to relieve appellant of responsibility for his own action in attempting to pass from one footboard to another while the train was in motion.

The fact which is urged upon our attention, that there was no passage way kept open upon these cars for passengers to go from one car to another, indicates that it was not the expectation nor intention of the companies that this should be done. It did not justify appellant in making use of the footboard for that purpose while the train was in motion. No reason appears why he should not have waited until the cars stopped before making the transfer.

If, in this case, the appellant was injured by ordinary agencies in consequence of thus passing from car to car, if he had slipped and fallen from the train because of the ordinary vibration, or failure to get a firm foothold or grasp, or by losing his hold on the car, or a misstep, or losing his balance, his own negligence would prevent recovery. If the conduct of the party whose duty it is to use care " is so clearly and palpably negligent that all reasonable minds would so pronounce it without hesitation or dissent," then the court may so instruct the jury. Hoehn v. C. P. & St. L. Ry. Co., 152 Ill. 223 (229).

It is also said that the employes of the defendants were negligent in not stopping the train more promptly when appellant called out, as he says he did. But, according to his own statement, he fell from the car and found himself, when the car had stopped, opposite that part of the car, "right where I had been hanging on;" and he says the car ran from the time when he got hold of both hand rails to the time it stopped, about 200 to 250 feet. The testimony does not show, as stated in appellant's brief, that the car ran this distance " without any effort to stop it," and no case of negligence is made out against the defendants in that respect, assuming that the record contains all the evidence.

But it is said that the alleged injuries received by appellant were not approximately caused by any negligence of his own, but by an electric shock received from escaping

electricity when, by placing his hands on the iron railing of the cars, he formed a circuit, and that the escape of such electric current was presumptive proof of negligence.

We have thus far considered the evidence given by appellant himself, which appears in the record. If the evidence presented tended to prove the averment of the declaration to the effect that appellant was injured by the escape of an electrical current through the negligence of the defendants, or either of them, it has been held that such defendant would be chargeable with notice that the electrical apparatus was in a defective condition. (Burt v. The Douglas Co. St. R. Co., 83 Wis. 229–232.) That if the fact was established that injuries were inflicted by escaping electricity, a *prima facie* case of negligence was established. Tramway v. Reid. 4 Col. Ct. of Appeals, 53 (62).

But our attention is called to the fact that the bill of exceptions contains no motion for a new trial, although the overruling of such a motion is one of the errors assigned, and there is no certificate to the effect that the bill of exceptions contains all the evidence.

As was said in Gill v. The People, 42 Ill. 321, "This record, then, furnishes us with no evidence of which we can take notice that a motion for a new trial was made." See also Harris v. The People, 130 Ill. 457.

In Miner v. Phillips, 42 Ill. 123, it is said: "The judge who tried the case, having heard all the evidence, is presumed to have decided the motion in view of all the proof adduced on the trial, and it must be presumed that his decision is correct until error is shown. The bill of exceptions not stating that it contains all of the evidence, we can not disturb the verdict on the evidence it does contain, even if it was sufficient. Nor can we perceive any error in giving the instructions. They should always be given in reference to the evidence in the case. On one state of facts, as disclosed by the testimony, an instruction would be strictly proper, while on another state of facts, it would be improper. * * * It is therefore unnecessary to consider the instructions unless we had all the evidence before us upon which they were based."

We regard this language as applicable to the instructions complained of in this case, which directed a verdict in favor of the defendants.

We can not agree with appellant's counsel that it is not necessary in this case for all the evidence to appear. "Where the error assigned questions the finding of the jury under the evidence before them, all the evidence must be preserved in the bill of exceptions, and it must so state, or we will presume the evidence warranted the finding. Nason v. Letz, 73 Ill. 371; I. C. R. R. Co. v. O'Keefe, 154 Ill. 508.

We must presume the evidence in this case warranted the instructions of the court and the finding of the jury. The judgment of the Circuit Court is affirmed.