## Mina Merchant, Adm'x, etc., v. South Chicago City Ry. Co.

1. CARRIERS OF PASSENGERS—*Degree of Care Required.*—Carriers of passengers are held to the highest degree of care for the safety of their passengers, but they are not required to make it impossible for passengers to expose themselves to danger, nor is the company required to adopt any particular method of construction; and whether the manner of construction is proper or not, is not a question to be submitted to a jury.

2. NEGLIGENCE—*When a Question of Law.*—Negligence becomes a question of law and not a question for the jury, where, from the facts admitted or conclusively proved, there is no reasonable chance of different minds reaching a different conclusion.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed November 11, 1902.

**Statement.**—This is an action on the case brought by appellant to recover damages for the death of one Alva Merchant, who, while riding as a passenger on one of appellee's cars, lost his life, having been struck on the head by another of its cars going in an opposite direction upon a parallel track. He was sober, and it is said in perfect health.

At the point where the accident occurred the distance between the outer edges of the inside rails of each track was four feet and half an inch. The cars projected over the rails on either side a distance of eighteen and a half inches. When, therefore, two cars were passing each other they together covered thirty-seven inches of the distance between the double tracks. This would leave a space eleven and a half inches wide between the passing cars.

The deceased was a passenger on a west-bound car. He had been occupying a seat within the car, but although the latter was not full, he left his seat shortly before the accident and went out on the front platform. He was standing on the south side of the platform and about two feet to the left and rear of the motorman, when last observed, just prior to the injury. To his left was the gate twenty-eight and a half inches high, which barred exit from the platform on that side, the side nearest the other track. On that track an east-bound car was approaching in plain sight. The deceased was then facing toward the front of his west-bound car, leaning back against the window which looked out on the front platform on that side of the car. He had been seen to look backward once as if something he was passing had attracted his attention. The tracks at that

point were perfectly straight. There were no curves and no obstructions to prevent the deceased from seeing the east-bound car approaching on the track at his left. No one seems to have noticed him immediately before he was injured, until, as it is stated, a " crash " was heard, "and the people in the car all jumped up and looked back of the car and saw the man lying across the track about 100 feet from where the car stopped. He was lying across the track dead. His skull was crushed."

At the close of the plaintiff's evidence the trial court instructed the jury to find for the defendant, which is now assigned as error.

JOHN MAYO PALMER, attorney for appellant.

CHARLES C. GILBERT, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is urged by appellant's counsel that in view of the speed at which street railway companies are in the habit·of operating cars passing each other on parallel tracks at frequent intervals, the fact that the space between the cars when so passing on such tracks is not more than from eight to eleven inches, and that, as it is argued, this space may be reduced by the swaying of the cars, constitutes negligence so " glaring, manifest and gross " that the evidence should be submitted to the jury. But it has never been considered, so far as we are advised, that it is necessarily, and as a matter of law, negligence, for a railroad company to so construct its tracks that its cars pass in close proximity to each other. Carriers are held to the highest degree of care for the safety of their passengers, but they are not required to make it impossible for passengers to expose themselves to danger. Nor is the company required to adopt any particular method of construction, and whether the manner of construction is proper or not, is not a question to be submitted to a jury. One· jury might find the· construction proper and another find it improper. C. & E. I. R. R. Co. v. Driscoll, 176 Ill. 330–334, and cases there cited. In the case referred to, it was contended that the failure of a ocmpany

to erect a butt-post at the end of a stub-switch in a switch-yard, was evidence of negligence which should be submitted to a jury; but the court held otherwise, and it is said that the only question proper to be submitted to a jury in such cases is, whether the premises as they existed at the time of the injury were reasonably safe. There is and can be no question here that the deceased would have been carried in safety, as were the other passengers, had he retained his seat inside the car, or had he refrained from projecting his head over the gate protecting the platform, and beyond the outside line of the car on which he was riding. In other words, there is no room for question that the deceased, riding as a passenger on that car as it was used and operated at the time, was entirely safe from danger of collision with a car on the other and parallel track. Negligence becomes a question of law and not a question for the jury, where, from the facts admitted or conclusively proved, there is no reasonable chance of different minds reaching a different conclusion. Wabash Railway Company v. Brown, 152 Ill. 484–488.

It is insisted, however, that appellant had the legal right to have the verdict of a jury upon the question whether the deceased was or was not in the exercise of ordinary care, or was guilty of contributory negligence.

As we have said, there is no proof here of any breach of duty by the carrier toward the deceased. We are compelled to conclude also that there is no room for honest difference of opinion among reasonable minds that the deceased was guilty of negligence contributing to the accident, and was himself wanting in ordinary care. He was standing in a position of safety, looking forward toward the east-bound car, which he must or ought to have seen approaching. If he did not know, he should have known, that the distance between the cars in passing would be small. Gongs were sounded in the usual manner, both on the car upon which he was riding and that which was approaching. Yet in spite of all the warning which sight and sound could give him, he extended his head outside of the railing protecting the platform on that side, and held it there in front of the other car. The joint speed of the

two cars approaching in opposite directions was probably double that of either one. Whether the deceased miscalculated that speed, or in a moment of forgetfulness, because his attention was attracted to something on that side, overlooked the danger for a fatal instant, no one can know. But that it was a want of due care for him to project his head at that moment is a matter upon which reasonable minds can not fail to concur without hesitation or dissent, and we think the court was justified in so pronouncing and so instructing the jury. Hoehn v. Chicago, Peoria & St. Louis Ry. Co., 152 Ill. 223.

The case of Lake Shore and Michigan Southern Railway Company v. Kelsey, 76 Ill. App. 613, and 180 Ill. 530, is cited in support of appellant's contention that the question of negligence should have been submitted to a jury. The facts, however, in that case were entirely different. There an obstruction had been placed so near the tracks that a passenger while riding as such passenger came in contact with it. In the present, case, however, the deceased, as a passenger, was in no such danger, but only as he projected his body beyond the side of the car, which, as a passenger, he had no occasion whatever to do.

We find no error in the judgment of the Circuit Court and it must be affirmed.