Peter Smaoska, Plaintiff in .Error, v. Chicago City
Railway Company, Defendant in Error.

Gen. No. 14,379.

1. INSTRUCTIONS—*when peremptory may be given.* A motion to
instruct the jury is in the nature of a demurrer to the evidence
and should only be given where such evidence with all inferences
which may reasonably be drawn therefrom is so insufficient that if
a verdict were returned upon it such verdict would have to be set
aside.

2. EVIDENCE—*when ownership and operation admitted.* The
ownership and operation of a traction line in an action for personal
injuries resulting from negligence, are admitted by the filing of the
plea of the general issue.

3. NEGLIGENCE—*proximity of cars to poles. Held,* that under
the evidence, it was for the jury to say whether the defendant
traction company was guilty of negligence, it appearing that the
car of the defendant was crowded, that the plaintiff was permitted
to ride upon the steps thereof and that he was injured by being
struck by a pole erected in proximity to the tracks upon which the
car was running.

Action in case for personal injuries. Error to the Circuit Court of
Cook county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard
in this court at the October term, 1908. Reversed and remanded.
Opinion filed October 25, 1909.

Statement by the Court. This is a suit to recover
for personal injuries. There is evidence in behalf of
.plaintiff in error which tends to show that somewhat
after the noon hour of September 7, 1903, after tak-
ing part in a labor day parade, plaintiff boarded a
Clark street car operated by defendant in error and
paid his fare; that the inside of the car was filled
with passengers and the front platform, on which he
first got a place to stand, was full also; that he was
standing "about a foot from the step" and that he
rode in that position about three-quarters of a mile,
more or less, when he was crowded off the platform
by other passengers and thereafter rode standing on
the step of the car facing inward, holding himself on

by grasping the iron bars of the car; that while so standing he was struck on the head, as the car was going upon the viaduct, by a trolley post which the car was passing, and that while making an effort to get further inside he was struck again by a second post; that at the time he was being pressed back and out by people from the other side of the platform; that the car was going at a medium rate of speed, and that "it went fast;" that he remembers he was knocked off the car and some policeman and a crowd of people were around him; that the right side of his head and also his back were struck and injured by the post and that his left hand or wrist was dislocated or broken; that when he was struck "the first time he swerved and held on with his hand and twisted his hand up;" that his head was thrust back and "his whole body was being shoved;" that the post which first struck him was about a foot and a half from the edge of the car, and that the injuries complained of were thus caused.

At the conclusion of the plaintiff's case the defendant moved to exclude the evidence. The motion was allowed and the court instructed the jury to find the defendant not guilty on each count of the declaration, which was done, and judgment entered accordingly. The plaintiff now brings the cause here by writ of error.

THEO. PROULX and CYRUS J. WOOD, for plaintiff in error.

WATSON J. FERRY, for defendant in error; JOHN R. HARRINGTON, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is sought to reverse the judgment on the ground that it was error for the Circuit Court to take the case from the jury at the close of plaintiff's evidence. As has been often said, a motion to instruct the jury as in this case is in the nature of a demurrer to the evi-

dence and should only be given where the evidence, with all inferences which may reasonably be drawn from it, is so insufficient that if a verdict were returned upon it, such verdict would have to be set aside. Upon such a motion no question as to the weight of the evidence nor the credibility of the witnesses is involved. The question is whether the plaintiff's evidence as it stands, with whatever inferences may legitimately be drawn from it, is such that the jury could, without acting unreasonably in the eye of the law, find a verdict in favor of the plaintiff. It was said in Udwin v. Spirkel, 136 Ill. App. 155-158, that "in order to sustain the taking of the case from the jury, we must hold that men of reasonable minds could arrive at but one reasonable conclusion from the evidence." The rule is thus stated in L. S. & M. S. Ry. Co. v. Kelsey, 180 Ill. 530-533: "If the conduct of the party whose duty it is to use due care 'is so clearly and palpably negligent that all reasonable minds would so pronounce it without hesitation or dissent,' then the court may so pronounce and so instruct the jury. (Hoehn v. Chicago, Peoria and St. Louis Ry. Co., 152 Ill. 223, and cases cited.)" Some of the cases in which this matter is considered are: Chicago Union T. Co. v. Lowenrosen, 222 Ill. 506-508; Ill. Cent. R. R. Co. v. Bailey, 222 Ill. 480-485; C. C. Ry. Co. v. Martensen, 198 Ill. 511.

Would all reasonable minds reach any other conclusion from the plaintiff's evidence in this case standing alone without any opposing evidence, than that the plaintiff, while in the exercise of ordinary care, under all the circumstances was not injured by reason of negligence of the defendant? The declaration avers in substance that defendant carelessly and negligently ran its car, upon which plaintiff was a passenger for hire, upon its tracks past certain trolley poles, to wit, ten inches, that defendant knew or should have known by the exercise of reasonable diligence, that it was dangerous to life and limb of persons standing upon the steps of such car, which plaintiff did not know; and

that the defendant carelessly and negligently allowed certain passengers, among them the plaintiff, to be upon the steps of the car while it was being run past said poles; that the proximity of the poles to the car when running past them was such that it was a place of danger, and it was the defendant's duty to give notice or warning of such danger to persons riding upon the steps of such car, and that the defendant neglected its duty in that behalf and negligently ran its cars past said trolley poles without such notice, whereby plaintiff was injured. We cannot concur in the claim made in behalf of defendant that the plaintiff failed to prove "a single allegation in any count of his declaration." The evidence does not support such assertion.

It is argued that there was no evidence tending to show that the Chicago City Railway Company owned, leased, operated or had anything to do with the track upon which the street car in question was run. The testimony in behalf of plaintiff on this point was that it was the "Chicago City Company" and that its full name is "Chicago City Street Company," and that "it was a Clark street car." The defendant pleaded the general issue to the plaintiff's declaration. In view of this condition of the pleadings the contention of defendant's counsel under consideration is not tenable and requires no extended discussion. In Chicago Union Traction Co. v. Jerka, 227 Ill. 95-99, the Supreme Court announced in explicit terms that under the rule of *stare decisis* it regards the question as settled; namely, that "the plea of not guilty did not put in issue the ownership of the street car line or the cars operated thereon. These were matters of inducement and it was not necessary that the appellee should offer any proof in support of these facts unless they were denied by special plea. This view we regard as firmly established in this State by the following cases:" (Citing them.) In view of what is thus said and the further language of the court in that case, the subject must be deemed not open for further discussion.

It is urged that it was not negligence on the part of defendant to permit its street car to be crowded with passengers, nor to permit passengers to ride on the steps of the car; citing Chi. City Ry. Co. v. Considine, 50 Ill. App. 471-475, in which it was said: "We do not hold that it was of itself negligence on the part of appellant to permit the car to become crowded with passengers." It has been held that permitting a passenger to ride on the steps of a crowded street car does not constitute negligence *per se* on the part of a street railroad company on the one hand (North Chi. St. R. R. Co. v. Polkey, 202 Ill. 225-232), nor does such riding necessarily constitute negligence on the part of a passenger. In North Chicago St. Rd. Co. v. Williams, 140 Ill. 275-281, the court quotes approvingly from a Massachusetts case, where it is said in reference to riding on or getting on the front platform of a horse car when in motion: "Whether any particular act of that kind is negligence must depend upon the circumstances attending and characterizing it, and must ordinarily be determined by a jury." So in the case at bar it was for the jury to determine upon all the evidence whether it was negligence for defendant to operate its car as the evidence tends to show was done under conditions such as the evidence discloses. Defendant claims that the plaintiff's evidence demonstrates the poles were a safe distance from the track. This also is a question of fact which it was for the jury to determine from the evidence. In West Chi. St. R'd Co. v. Marks, 82 Ill. App. 185-188, it is said, quoting from N. Chi. St. R'd Co. v. Williams, *supra,* "Where a railroad company places its tracks so near an obstruction which it is necessary for its cars to pass, that its passengers in getting on or off the cars and while upon them are in danger of being injured by contact with such obstruction, it is a fair question for the jury whether the company is or is not guilty of negligence. * * * It has been held that it is inexcusable in a railroad company to permit an obstruction to stand so near its track as to render the use of the

step or running-board dangerous to life and limb, inasmuch as exceptional cases may arise when it is lawful and proper for even a passenger to use such stepping-board.'' In South Side El. R. R. Co. v. Nesvig, 214 Ill. 463, is a consideration of the question of liability of a railroad company for injury to a passenger by the operation of its train in proximity to an obstruction, and it is said (p. 470) that if the company is ''chargeable with notice it is negligence on the part of the company to operate its trains in such dangerous proximity to such objects or structures.'' Inasmuch as the case must be submitted to another jury we refrain from further discussing the evidence.

Defendant in error has filed a general argument which contains no brief and no statement of points relied upon.

For reasons indicated the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*