206        APPELLATE COURTS OF ILLINOIS.

McNulty v. McMahon Cracker and Biscuit Co., 153 Ill. App. 206.

## Dennis McNulty, Appellee, v. McMahon Cracker and Biscuit Company, Appellant.

### Gen. No. 14,949.

1. CONTRIBUTORY NEGLIGENCE—*when question not one of law.* Unless it can be said that the plaintiff's conduct was so clearly and palpably negligent that all reasonable minds would so pronounce it without hesitation or dissent, the question of whether he was guilty of contributory negligence is one of fact to be determined by the jury.

2. MASTER AND SERVANT—*what not assumed risk, as a matter of law.* The danger that an operator will forget and therefore fail to perform his promise to hold up his elevator while the plaintiff is doing work in the pit of the shaft, is not a danger open and obvious, and it is for the jury to determine whether the doctrine of assumed risk should have application.

3. MASTER AND SERVANT—*who not fellow-servants as a matter of law.* A servant employed in working in the basement of a building, *held,* under the evidence, as a matter of law, not a fellow-servant of an elevator operator.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 1, 1910. Rehearing denied March 14, 1910.

**Statement by the Court.** This is an action to recover for personal injuries. The plaintiff was employed by the defendant in its factory at Chicago, and was foreman in charge apparently of two of defendant's employes working in the basement of the factory. Among the plaintiff's duties was that of keeping clean the elevator pits in the basement. There were two of these, the "east" and the "west" elevators. Sometimes the cleaning was done by the employes who were under plaintiff's orders. In such case it was plaintiff's custom to have one man hold the rope which regulated the movements of the elevator, and thus prevent it from descending into the pit while the man in there was cleaning it. On other occasions the plaintiff himself went into the pit to do the cleaning and when going in alone for this purpose the plaintiff was in the habit

McNulty v. McMahon Cracker and Biscuit Co., 153 Ill. App. 206.

of telling the elevator operator that he was about to go in and request such operator not to come down to the basement while the cleaning was being done.    This had occurred on a number of occasions prior to the accident.    The elevator boy was not under plaintiff's control.    On the day of the accident, January 10, 1907, the west elevator, by which the injury was inflicted, had come down to the basement and while there plaintiff had asked the operator not to come down again for a few moments, as he was about to clean the pit.    The plaintiff testifies that the elevator boy nodded his head, said "all right," and took the elevator up to the floor above.    Plaintiff thereupon entered the pit and had just begun to sweep it out when the elevator came down on him inflicting the injuries complained of.    The elevator boy had been running that elevator regularly for about a year before.    Plaintiff states that he went into the pit alone on that occasion, the two men under him being engaged in other work and he "did not have them to spare" to watch the elevator for him.    The elevator boy testified for the defense.    He corroborated the plaintiff as to the precautions usually taken by the plaintiff and the men under him to prevent the elevator descending on them when cleaning out the pit, but denies that in this instance the plaintiff requested him a few moments before the accident not to come down for a few minutes, and says, "He didn't say anything at all to me.    At least I didn't hear him."

The second elevator, known as the "east" elevator, was used and operated most of the time by plaintiff and his men in carrying material to and from the basement.    The issues were submitted to a jury, which returned a verdict in favor of plaintiff, assessing his damages at $3,000, upon which judgment was entered. Defendant appeals.

FRANK M. COX and R. J. FELLINGHAM, for appellant.

B. J. Wellman, for appellee; George McMahon, of counsel.

Mr. Justice Freeman delivered the opinion of the court.

It is urged in behalf of the defendant that the trial court should have directed a verdict of not guilty, that the injury resulted from plaintiff's disregard of precautions he himself enforced as to others. There is, however, evidence tending to show that the injury was caused by the negligent act of the elevator operator in disregard of the notice he had received from plaintiff that the latter was about to enter the pit, and that this notice to the elevator operator was one of the customary precautions in use to prevent injury when plaintiff was cleaning out the pit. It was a question for the jury to determine from the evidence whose was the negligence, if any there was, responsible for the accident, and it would have been error to direct a verdict for the defendant where, as here, it cannot be said that plaintiff's conduct was so clearly and palpably negligent that all reasonable minds would so pronounce it without hesitation or dissent. L. S. &. M. S. Ry. Co. v. Johnsen, 135 Ill. 641; L. S. & M. S. Ry. Co. v. Kelsey, 180 Ill. 530-533.

It is argued that the plaintiff assumed the risk in doing the work, relying on his alleged notice to the operator of the elevator and the alleged promise of said operator not to allow the elevator to descend for a few moments while plaintiff was cleaning out the pit. If, however, plaintiff did in fact give the elevator boy notice of his intention to clean the pit and ask him to hold up the elevator for "a couple of minutes," the only risk plaintiff encountered was that the operator might fail to do what there is evidence tending to show he promised to do. It was for the jury to determine controverted questions of fact. It cannot be said as a matter of law that the method of guarding against injury employed by plaintiff, according to his evidence, constituted as-

sumption of risk on plaintiff's part.  The latter testifies it was not the first time he had done the same thing in the same way.  If he had set a man to watch the elevator while he was in the pit, he would have taken the same kind of risk, viz, that such watcher might negligently forget or fail to see the descending elevator. Plaintiff had safely relied upon the operator to hold up the elevator under precisely the same circumstances on a number of former occasions.  He had no reason so far as appears to suppose the operator would fail him on this occasion.  There is no assumption of risk unless the danger is open and obvious, and the danger that the operator would forget or disregard a notice so given him cannot reasonably be said to have been open and obvious.  This question was submitted to the jury by instructions and must be deemed settled in plaintiff's favor by the verdict.

It is urged that plaintiff and the elevator operator were fellow-servants.  This question also was submitted to the jury by instructions.  There is evidence tending to show that each was employed and under direction of the same foreman.  They were not, however, in the same line of employment.  Plaintiff was foreman in the basement.  The operator's employment and duties were confined to running the west elevator. This duty did not bring him into habitual association with plaintiff as there is evidence tending to show. There is no serious dispute as to the nature of their respective duties nor as to the manner or frequency of their coming in contact.  There was no co-operation between them in any department of the employer's business, and they seldom came in contact in their work.  The alleged fact that plaintiff had requested the operator to keep the elevator from descending into the pit for a few minutes while it was being swept out and that the operator had agreed to do so, did not change their relative situations.  It was the duty of the operator still to run the elevator and there is undisputed evidence that he was doing this from floor to

floor above the basement after plaintiff entered the pit and began sweeping it out. When on other occasions the elevator descended into the basement the two occasionally met, but as we have said, were not brought into association in their work promotive of mutual caution. They never worked together in any legitimate sense and they had no occasion in their ordinary work to look out for and avoid injuring each other. Ordinarily the plaintiff and his men used the east elevator. When they went up in the west elevator they were simply passengers. It cannot be said in view of the evidence that they were fellow-servants, as a matter of law. The question was one of fact for the jury and the evidence amply warranted the finding against defendant's contention. Gathman v. The City of Chicago, 236 Ill. 9-15; Lyons v. Ryerson, 242 Ill. 409-413, and cases there cited.

We find no reversible error in the instructions nor in the rulings on evidence. There is evidence warranting the verdict and judgment and for the reasons indicated the judgment of the Superior Court will be affirmed.

*Affirmed.*