St. Louis Type Foundry Company *v.* Wisdom.

St. Louis Type Foundry Company *v.* D. M. Wisdom.

1. PAYMENTS. *How applied.* Where two successive firms of the same name, but composed in part of different members, have had a running account with a creditor, payments made after the formation of the last firm must, unless otherwise agreed by the parties, be applied in satisfaction of so much of the account as constitutes the debt of the firm whose funds are paid.

2. PLEADING AND PRACTICE. *Plea. Verdict.* The admission of one plea cannot be used to limit the effect of another, and a general verdict is always applied to the proper issue.

FROM MADISON.

Appeal in error from the Law Court of Madison. H. W. McCORRY, J.

P. L. STRICKLIN, C. G. BOND and R. W. HAYNES for the Company.

E. L. BULLOCK for Wisdom.

COOPER, J., delivered the opinion of the Court.

Previous to the 3rd of August, 1870, W. W. Gates, Don Cameron and J. T. Hicks were partners in the publication of the West Tennessee Whig, and D. M. Wisdom and two other persons were partners in publishing the Jackson Tribune. About the date mentioned, Gates, Cameron, Hicks and Wisdom formed a new partnership, bought out

Wisdom's partners, and commenced the publication of a new paper, called the Jackson Whig and Tribune. The style of the old firm as well as the new firm was .W. W. Gates & Co. The old firm had a running account with the St. Louis Type Foundry Company, and the new firm continued to make purchases from the same company. From the 3rd of August, 1870, to the 15th of December, 1870, the purchases of the new firm from the Foundry Company amounted to $1,248.65, and the payments on the account during the same time amounted to $1,340. Gates was the book-keeper of both the old and the new firm, and made all the payments.

On the 15th of December, 1870, Gates closed the account of the Foundry Company by executing three notes in the name of W. W. Gates & Co. for $658.76 each.

The present suit was brought on these notes against Gates, Hicks and Wisdom as partners under the name of W. W. Gates & Co. Gates and Hicks, being equally liable whether the notes were given for the debt of the old or new firm, have acquiesced in a judgment against them. Wisdom contested his liability under pleas of *nil debit* payment and *non est factum.*

The case was tried by the Judge without a jury, who found the issues and rendered a judgment in favor of Wisdom.

The Type Foundry Company appealed in error.

As a fact, the account on the plaintiff's books

St. Louis Type Foundry Company *v.* Wisdom.

being in the name of W. W. Gates & Co., for the old firm, was continued under the same name for the new firm, but there is nothing to show that this was done with the assent of the members of the new firm. There is evidence that the first large payment after the 3d of August, 1870, was raised and made for the purpose of giving the new firm credit with the plaintiff. The proof is clear that the plaintiff, at the time the notes sued on were given, knew that the account for the balance of which they were executed, had been contracted by separate firms, and Gates himself proves that neither he when he gave them, nor the agent or members of the company who received the notes, intended to bind the new firm for the debts of the old firm. The previous payments after the organization of the new firm were made by Gates without any direction as to their appropriation, and it does not appear that the plaintiff then or at any other time made a specific appropriation thereof. Three small and two large payments were made between the 3rd of August and 15th of December, 1870. The defendant claims that the two large payments which together exceed the purchases of the new firm were made with the assets of that firm. The Circuit Judge so found as a fact and there being evidence to sustain this view, the finding is, like the verdict of a jury, conclusive under the rule of this Court. The evidence has been examined, however, and leaves no doubt whatever as to the first of

the large items, and very little as to the other. The money which made these payments was furnished by the new firm. The notes were not intended to be binding on the new firm, nor would they be in law, except to the extent of the consideration which enured to the benefit of that firm. If then the payments which together exceeded the account against the new firm be applied to the satisfaction of that account, there would be no consideration to sustain the notes nor the action based thereon.

The plaintiff must fail in his action unless he can show that the payments should be otherwise applied, and the argument on behalf of the plaintiff is, that the law will apply them to the oldest items on the whole account, although those items were contracted by the old firm. In other words, the contention is that, in the absence of any agreement of the parties, the law will apply the money of one person or firm to the payment of the debt of another person or firm. Such a rule would be manifestly inequitable, and can hardly be sound. The general rule in this State, in respect to the appropriation of payments is, that a debtor owing different debts to the same person has a right to apply the payment at the time when made to either debt, and if he fails to do so, and the payment be general, the creditor may apply it, and where no appropriation is made by either party the law will apply it according to the intrinsic justice and equity of the case . *Bussey* v. *Gant*, 10

Hum., 238; *Fulton* v. *Davidson*, 3 Heis., 649; *Pointer* v. *Smith*, 7 Heis., 149. The rule thus enunciated will not aid the plaintiff. For as we have seen neither the debtor nor the creditor is shown to have made, at the time of payment, a specific appropriation of the payments, and it would clearly not be "according to the intrinsic justice and equity of the case" to apply the money of the new firm to the payment of the debts of the old firm. There is another difficulty in the plaintiff's way. The question presented is not one of the application of payments as between debtor and creditor, where each may in turn elect to make the application, and where, in the absence of an election, the law would apply them, but the payment of the funds of one party to a creditor, who has a debt against that party and also a debt against another of the same name. The creditor may elect. to apply the payment to any debt of the debtor, or the law may apply it for him. But the creditor, in the absence of agreement, express or implied, cannot apply the money to the satisfaction of the debt of a third person. Nor, of course, would the law ever so apply it. If a payment may, by reason of the peculiar nature of the business, the assumption of a new partner or a long continued course of dealings, be applied to another debt than that of the payer, the application can only be sustained upon the ground of assent, express or implied. No such assent appears in this case. There can be

no binding assent by conduct except with full knowledge of all the facts, and the whole doctrine of the appropriation of payments turns upon the intentions of the debtor, either express, implied or presumed: 1 Story's Eq. Jur., 459*c*. It seems, that at one time in the progress of the suit, the defendant thought that the account of the new firm with the plaintiff had not been fully paid, and he shaped one or two of his special pleas of *non est factum* to meet this view. It is suggested rather than argued that the defendant should be charged with the amount conceded by these sworn pleas to be still due. As a question of pleading, each plea at law is independent of every other, and the admission of one plea cannot be used to limit the effect of another. A plea of payment which concedes the validity of the instrument sued on, will not affect the defence under a plea of *non est factum* in the same cause. And a general verdict will be applied to the proper issue. As a question of estoppel, the pleading is open to proof in the particular case: *Hamilton* v. *Zimmerman,* 5 Sneed, 39. It is not denied that the account of the new firm, created after the execution of the notes in controversy, has been paid. There is no error in the judgment, and it must be affirmed.