## Chicago and Western Indiana Railroad Company

*v.*

## Zoie Doan.

*Opinion filed February 21, 1902.*

1. RAILROADS—*whether a company's conduct induced people to believe they were invited to board trains at certain place is for the jury.* Whether a railroad company, by a long continued course of conduct, has induced people to believe they were invited to board its trains at a certain place, even though the customary station or platform is not provided and no tickets are sold there, is a question for the jury under the evidence.

2. SAME—*negligence of company's lessee is imputable to the company.* The negligence of a lessee of the tracks of a railroad company is imputable to the lessor company.

*Chicago and West. Ind. R. R. Co.* v. *Doan,* 93 Ill. App. 247, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

This was an action on the case, brought by appellee against the appellant and the Chicago and Eastern Illinois Railroad Company, to recover damages for an injury which she received by being struck by a passenger train of the latter company, a lessee of appellant, while such train was running upon appellant's road.

The amended declaration contained five counts. The first count charged that the appellant was the owner of a railroad, a portion of which, consisting of four parallel tracks, lay between Thirty-eighth and Thirty-ninth streets, in Chicago, and that the Chicago and Eastern Illinois Railroad Company, the Louisville, New Albany and Chicago Railroad Company, (referred to in the record as the Monon company,) the Wabash Railroad Company, and other railway companies, were its lessees and were using its railroad tracks upon which to run their trains between said streets; that the Eastern Illinois company

had established a stopping place for its south-bound suburban passenger trains at a point along the said tracks about half-way between the two streets named, where passengers could board such trains, and was using said stopping place for that purpose; that it was the duty of appellant and its lessee to provide a safe and suitable waiting place for its patrons and passengers at said point to stand and wait for its trains, but that they had wholly neglected so to do; that it was the custom of such patrons and passengers, with the knowledge and consent of the defendants below, to get on board such trains at this stopping place, and that the Eastern Illinois company collected fares from passengers boarding its trains there; that said place was a place of great danger and peril to passengers awaiting the arrival of said trains; that in the evening of November 29, 1895, it being then dark, while appellee was standing at the said place mentioned, waiting for the south-bound train of the Eastern Illinois company to come on track 2, the Monon company ran a train on track 1 in a northerly direction at a high rate of speed, without ringing the bell or sounding the whistle and without having a headlight on its locomotive, in violation of a city ordinance; that by reason of this negligence and carelessness of the Monon company, and by reason of the failure and negligence of the defendants in not providing a safe and suitable place for the patrons of its suburban trains to stand and remain while waiting for the trains stopping there, the appellee became terrified and confused, and in order to escape the apparent impending danger of injury from the Monon train she ran across track 2, and while using reasonable care to get out of the way of the Monon train the locomotive of the Eastern Illinois company was carelessly driven by the servants of said company against and upon the plaintiff, and injured her, etc. The second count is similar to the first, but omits the negligent running of the Monon train. The third count is very much like the

first. The fourth count is like the third, and alleges, in addition, that appellee had no knowledge of the approach of the Monon train until it was within twenty feet of her; that she was afraid her clothing might be caught in the draft produced by the rapid motion of the train and crossed track 2, and as she did so her progress was checked and blocked by a switch engine of the Wabash company carelessly driven along track 3 directly in front of her, and in turning to avoid injury from the switch engine, and in the exercise of due care, she was struck by the Eastern Illinois train,—charging the accident as the result of the negligence of the defendant companies and the Monon company and the Wabash company. The fifth count is similar to the second. The plea was the general issue.

The evidence was, that between Thirty-ninth and Forty-first streets there were three railroad crossings over the railway tracks of appellant, and that all south-bound trains came to a stop just before reaching Thirty-ninth street, in obedience to the law requiring trains to stop before crossing another railway; that it had been the custom for a number of years,—six, one witness said, —for the employees of various establishments in the neighborhood to come to this stopping place in the evening to board the Eastern Illinois train due there at 5:40; that the company had never refused to accept such as passengers, but permitted them to board the train there, and by its servants had at times assisted passengers to get upon its trains, and had always collected fares from such passengers; that this was not marked as a station on the time-tables which the company issued for the use of the public, and that there was no platform there for passengers to stand on while waiting for the train; that appellee had often taken the train at that place before; that the allegations in regard to the negligent running of the Monon train were true, and that the appellee was prevented from crossing track 3 by the Wabash switch

engine, and that she received the injury complained of substantially as charged.

The jury returned a verdict of not guilty as to the Eastern Illinois Railroad Company, but found appellant guilty, and assessed appellee's damages. On appeal the judgment was affirmed by the Appellate Court, and appellant has now appealed to this court.

S. A. Lynde, (W. H. Lyford, of counsel,) for appellant.

Clark & Clark, for appellee.

Mr. Justice Carter delivered the opinion of the court:

This case is very similar to the case of *Lake Shore and Michigan Southern Railway Co.* v. *Ward*, 135 Ill. 511, although counsel for appellant have endeavored to make a distinction between the cases. The controlling factor in both cases is the question whether the railroad company, by a long continued course of action, induced the public to believe that they were invited to board the company's trains at the place in question, even though such place was not provided with the customary station or platform and no tickets to and from such place were sold. This was a question for the jury, and on its determination hinged the question whether appellee was guilty of contributory negligence in being at that place at the time of the accident. There was sufficient evidence tending to prove appellee's contention to be submitted to the jury, and it was not error to overrule appellant's motion to instruct the jury to find it not guilty.

It is contended by appellant that the only question of negligence, under the declaration in this case, is the alleged negligence in not providing a safe and suitable place for appellee to be and remain while waiting for the arrival of the train at the place in question and the alleged negligence of the Eastern Illinois company

in the management of its train; and that the charges of negligence against the Monon company in the running of its north-bound train are made in the declaration by way of recital, merely, and cannot be considered as an element in the case.   We do not so understand the declaration.   It plainly charges in the first, third and fourth counts, that by reason of the negligence of the Monon company, and the other acts of negligence complained of, the appellee was injured.   As the Monon company was a lessee of appellant its negligence was imputable to appellant. (*Pennsylvania Co.* v. *Ellett*, 132 Ill. 654.) The whole question of negligence, however, as a question of fact, has been settled adversely to appellant by the judgment of the Appellate Court. .

Complaint is also made of the rulings of the trial court in giving and refusing instructions.   The instructions are too numerous and voluminous to be set out here, but we have carefully examined them and find that as a series they stated the law to the jury, applicable to the case, with substantial accuracy.

Finding no error the judgment will be affirmed.

*Judgment affirmed.*