JOHN W. ARNOLD *et al.*

*v.*

THE NORTHWESTERN TELEPHONE COMPANY *et al.*

*Opinion filed October 25, 1902—Rehearing denied December 4, 1902.*

APPEALS AND ERRORS—*when findings of the chancellor should not be disturbed.* If a chancery case is heard in open court, on oral testimony, and the evidence is conflicting, the findings of the chancellor will not be reversed unless error is palpable.

*Arnold v. Conklin, 96 Ill. App. 373, reversed.*

| 199 | 201 |
| 105a | 516 |
| 199 | 201 |
| 110a | 90 |
| 110a | 171 |
| 199 | 201 |
| 210 | 530 |
| 211 | 125 |

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. R. W. HILSCHER, Judge, presiding.

EDDY, HALEY & MUNROE, for appellants.

GARNSEY & KNOX, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery filed in the circuit court of Will county by the appellants, John W. Arnold and Thomas F. Ryan, against E. R. Conklin, the Northwest-

ern Telephone Company, a corporation, and the appellee Harrison and others, defendants to the bill, who claimed, together with the said appellee Conklin, to have been members of a co-partnership under the name and style of "The Northwestern Telephone Company." Upon a hearing before the court on the bill, answers and replications to the answers, a decree was entered dismissing the bill. The appellants prosecuted an appeal to the Appellate Court for the Second District.

The bill alleged that said Ryan and Arnold, the appellants, and the appellee Conklin, by mutual agreement made and entered into in April, 1898, became and were co-partners in the enterprise of procuring an ordinance to be adopted by the city council of the city of Joliet authorizing the establishment of a telephone exchange in the city of Joliet; that they were to be mutual and equal owners of such ordinance as might be obtained and to share equally in whatever profits might arise therefrom; that an ordinance was procured in pursuance of the agreement, authorizing the alleged co-partners, under the name and style of "The Northwestern Telephone Company," to construct and operate a telephone exchange in the city of Joliet; that said Conklin and the other defendants, except the Northwestern Telephone Company, a corporation, under the claim they, as co-partners, constituted a firm known as the Northwestern Telephone Company, by deed transferred all their interest, as co-partners, in the Northwestern Telephone Company, a co-partnership, to the Northwestern Telephone Company, a corporation; that the grant of the license by the ordinance was to the complainants in the bill, said Arnold and Ryan, and the appellee Conklin, who were the only members of the firm known as the Northwestern Telephone Company, a co-partnership, and that said Northwestern Telephone Company, a corporation, and said other defendants to the bill, had full knowledge of all the rights and interests of the said appellants, as partners, in the said co-

partnership to whom the license was granted. The prayer of the bill was that the said license should be declared to be the property of the co-partnership, consisting of the appellants and said Conklin, and that the co-partnership should be dissolved, the license sold and an accounting had and taken and the proceeds distributed between the appellants and the said Conklin, in accordance with the terms of said partnership agreement.

The Appellate Court reached the conclusion that a co-partnership was shown to have been created between the appellants and the said Conklin, and that it was to this partnership, under the name and style of "The Northwestern Telephone Company," that the ordinance granted the license in question, but that it did not appear from the record that the appellee corporation, the Northwestern Telephone Company, had knowledge or notice at the time of its incorporation, when the ordinance was accepted, or at any time prior to the filing of the bill, of any rights or interests or claims of the appellants. The judgment of the Appellate Court was that the decree of the circuit court dismissing the bill should be affirmed as to all of the defendants except the appellee Conklin, and that as to said Conklin the. decree of the circuit court should be "reversed and the cause remanded, with directions to the court below to require him to account in accordance with the prayer of the bill." This is an appeal prosecuted by said Arnold and Ryan to reverse the judgment of the Appellate Court so far as it affirms the decree of the circuit court, and the appellee Conklin has filed cross-errors, which challenge the correctness of the judgment of the Appellate Court in so far as such judgment reversed the decree of the circuit court.

We are inclined to the view that the conclusion reached by the chancellor that the co-partnership under the name and style of "The Northwestern Telephone Company," to which the ordinance granted the license in question, was not composed of the appellants and the

said Conklin, must be accepted as the true solution of that question.   The testimony of the different witnesses who testified upon the point was heard in open court before the chancellor.   This testimony was conflicting, and the conclusions to be drawn from it depended largely upon the credit which should be accorded to the different witnesses and to the weight and value of their testimony. The chancellor had, therefore, superior opportunities for forming an opinion of the relative merit and weight of the testimony given by the several witnesses, whom he saw and heard testify.   When a chancery cause is so heard and the evidence is conflicting, the findings of the chancellor will not be reversed unless it is clear and palpable that he fell into error.   *Higgins* v. *Wisner*, 170 Ill. 220.

The testimony of the appellants, Arnold and Ryan, standing alone, it may be conceded, established the allegations of their bill as to the formation of a co-partnership in the spring of 1898, composed of themselves and the said Conklin, and that such co-partnership was organized for the purpose of procuring an ordinance from the city of Joliet authorizing the said co-partners to install a telephone exchange in that city.   Mr. Cotton, Mr. Shafer and Mr. Stromberg, officers and employees of the Stromberg-Carlson Telephone Manufacturing Company, of the city of Chicago, testified, in substance, that said Conklin, at the time of the alleged formation of the alleged co-partnership with appellants, was in the employ of the said Stromberg-Carlson Telephone Manufacturing Company, and a written contract of said employment was produced in evidence.   These witnesses further testified that said Conklin and said appellants, Ryan and Arnold, in the month of June, 1898, came to the office of the said company in Chicago for the purpose of discussing the question of procuring the passage of an ordinance by the city council of the city of Joliet whereby the said Stromberg-Carlson Telephone Manufacturing Company would secure the license for the establishment of a telephone

exchange in that city; that Conklin said that the appellants were favorably known and influential, and could be of great assistance in securing the adoption of the ordinance; that the manufacturing company offered to the appellants to give to them (Arnold and Ryan) $5000 in shares of the capital stock of a corporation to be formed and called "The Illinois Valley Telephone Company," to whom the license so to be secured was to be transferred; that this offer was not satisfactory to Ryan and Arnold, and that it was finally agreed that they should have $8000 in the stock of the company so to be formed, as compensation for assisting in securing the passage of the ordinance. The testimony of another witness for the appellees (Mr. Young) was to the effect that Ryan and Arnold in the spring of 1898 knew that Conklin was in the employ of the Stromberg-Carlson Telephone Manufacturing Company; that he (the witness) was present at an interview between Conklin and the appellants, at which the interest which Arnold and Ryan should have in the license was discussed; that the appellants wanted more than Conklin was willing to offer; that Conklin told them he could not make any definite arrangements as to what interest they should have without further consultation with his employer, the Stromberg-Carlson Telephone Manufacturing Company, and that he would arrange for an interview with Mr. Cotton, one of the officials of that company. Ryan and Arnold admitted that they went with Conklin to the office of the Stromberg-Carlson company in the city of Chicago, but denied that any such conversation or agreement occurred while there as was testified to by Mr. Cotton, Mr. Stromberg and Mr. Shafer. The chancellor evidently accepted the testimony of these witnesses as against that of appellants. In point of numbers the preponderance was against the appellants, and we are unable to demonstrate that the chancellor should have regarded the testimony of the appellants as more worthy of credit.

The conversations alluded to by the witnesses for the appellees occurred in the latter part of June, 1898. In July, 1898, an ordinance was introduced in the city council of the city of Joliet granting a telephone license to the appellants and said Conklin, but the report of the committee to whom it was referred was unfavorable and it failed of passage. An ordinance granting the franchise was adopted about a year thereafter, on a petition to the council in writing, signed "The Northwestern Telephone Company, per E. R. Conklin." The Stromberg-Carlson company had no interest whatever in this latter license. The allegations of the bill that Ryan, Arnold and Conklin formed a partnership in April, 1898, in the view of the chancellor, was overcome by proof, in substance, that the ordinance then in contemplation was to finally invest a contemplated company, which was to be formed and called the Illinois Valley Telephone Company, with the license, and that Conklin was acting as an employee of the Stromberg-Carlson company; that Ryan and Arnold were to be paid for their services in stock, to the amount of $8000 in the capital stock of the said Illinois Valley Telephone Company. There was clearly, therefore, no co-partnership between Arnold, Ryan and Conklin. The bill alleges that there was another ordinance subsequently adopted, but the interests and rights of Arnold and Ryan in the latter ordinance, as claimed by the bill, depend entirely upon their alleged interest therein, as co-partners, under the agreement asserted by them but disproved by the other testimony. The evidence preserved in the record did not justify the Appellate Court in declining to accept the conclusions reached by the chancellor.

The judgment of the Appellate Court must be and is reversed and the decree of the circuit court is affirmed.

*Judgment reversed.*