112    471
a210s 213

# East St. Louis Connecting Railway Company v. Henry Altgen.

1. ENGINE—*what sufficient proof of ownership and operation of, by defendant.* Where an engine, which was the cause of an injury, is marked with the initials of the defendant company, such marking is sufficient *prima facie* evidence not only that such engine was the property of such defendant, but also that the persons in charge, using and operating it in the kind of business in which the defendant was engaged, were the servants of such defendant.

2. IMPEACHMENT—*effect of, upon evidence of witness.* The mere fact that it appears that a witness upon a previous trial testified to a different state of facts than that testified to by him at the trial under consideration, will not absolutely destroy such evidence, but simply leaves it for the jury to determine what weight shall be given to his testimony.

3. EVIDENCE—*effect of failure to produce.* Where it is within the power of a party to produce evidence upon a material point in controversy and he fails so to do, the jury are entitled to consider such failure in connection with the evidence actually offered in the case.

Action on the case for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the August term, 1903. Affirmed. Opinion filed March 10, 1904.

CHARLES W. THOMAS, for appellant.

DANIEL McGLYNN and M. W. BORDERS, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court. ·

This is an action on the case instituted by Henry Altgen, appellee, against the East St. Louis Connecting Railway Company, appellant, in the Circuit Court of St. Clair County, to recover damages for personal injuries received on the night of January 27, 1902, in a collision at the crossing of the tracks of the St. Louis Merchants Bridge Terminal Railway Company with the tracks of the St. Louis, Troy and Eastern Railway Company, at a point between East St. Louis and Madison. At the time of the collision, plaintiff was in the employ of the St. L. M. B. T. Ry. Co. as a switchman and member of a night switching crew then engaged in moving a train of cars from Madison to the East St. Louis yards. By order of the foreman, and in accordance with what appears to have been the custom, he was riding on the engine, eating his supper. As the engine upon which the plaintiff was riding reached and was passing over the crossing in question, a train of cars, moved by one of defendant's engines, was carelessly and negligently backed into the engine of the St. L. M. B. T. Ry. Co. upon which plaintiff was riding, striking it just in front of the cab, whereby the plaintiff was injured.

The declaration contains but one count, in which it is alleged that plaintiff was employed by the St. L. M. B. T. Ry. Co. as a switchman, and while he was exercising due care and caution for his own safety, and divers other servants of the said St. L. M. B. T. Ry. Co. were in charge of a

locomotive and train of cars of said company, and were propelling the same upon its track and over the crossing of that track with the track of the St. L. T. & E. Ry. Co., plaintiff and the said servants having lawful right to propel said engines and cars over said crossing, and having the right of way over the same, certain servants of the defendant in charge of a locomotive and train of cars, which they were operating and propelling on the track of the St. L. T. & E. Ry. Co., so carelessly and negligently controlled and operated said locomotive and train upon said track, that the same collided with the engine of the St. L. M. B. T. Ry. Co. while it was rightfully on said crossing, and smashed and derailed the tender of said locomotive. That plaintiff was on said locomotive of the St. L. M. B. T. Ry. Co. in the performance of his duties as a servant of said company, and was in the exercise of ordinary care and diligence for his own safety, and by reason of such collision he was injured, etc. Defendant filed the general issue.

The case was tried by jury, resulting in a verdict for plaintiff for $15,000. This was reduced by remittitur to $11,000, upon which the court rendered judgment and defendant appealed.

Appellant relies chiefly upon the contention that the evidence fails to support the averment of the declaration, that the locomotive and cars which caused the collision and consequent injury, were in charge of and operated by the servants of the defendant. It is conceded, and under the evidence there is no escape from that conclusion, that the crew operating the train on the St. L. T. & E. Ry. were negligent within the charge made by the declaration. The defendant offered no evidence. The only proof made was of certain rules for the government of employees of the M. B. T. Ry. Co. and these have little or no bearing upon the issues contested. The error contended for may be considered under the third assignment, namely, that the Circuit Court erred "in not instructing the jury at the close of plaintiff's evidence to find defendant not guilty." If plaintiff made out a *prima facie* case, if there was evidence tend-

ing to prove the material allegations of the declaration, the court did not err in denying defendant's motion, and the peremptory instruction was properly refused. If this instruction was properly refused, the verdict of the jury is conclusive as to all the contentions made in this case, for error is not assigned upon rulings in the admission or exclusion of testimony, nor upon the giving or refusal of instructions other than that relating to the peremptory instructions.

It is the undisputed evidence that the engine which moved the train on the track of the St.L. T. & E. Ry. Co. and which caused the collision, was marked "E. St. L. Con. Ry. Co.," meaning, as interpreted by the witnesses and counsel, the East St. Louis Connecting Railway Co. This evidence alone is quite sufficient to warrant the inference that the engine was the property of the defendant and that the persons in charge, using and operating it in the kind of business in which defendant was engaged, were the servants of the defendant. P., Ft. W. & C. Ry. Co. v. Callaghan, 157 Ill. 406; Schweinfurth v. Dover, 91 App. 319. In addition to this, several witnesses testified that the men who operated the engine were servants and employees of defendant. It is contended that this testimony is discredited and impeached by the cross-examination. That was for the jury to determine. For the most part, these witnesses admitted on cross-examination that in a former trial they testified, as they then understood the fact to be, that the men operating the engine and train in question were employees of the Wiggins Ferry Co. Their explanation in effect is very like that of Mr. Thomas, called and examined by plaintiff as to his testimony at the former trial. They so testified but had no knowledge whether it was true or not. Some of them base their testimony in this trial upon information derived from the testimony of defendant's witnesses in the former trial. It was for the jury to consider this evidence with all the other evidence introduced, and determine the measure of credibility to be given to it.

Under the circumstances of this case the court and jury

were fully warranted in giving full force to any legitimate inference based upon the evidence regarding the employment of those in charge of defendant's engine, for the reason that the evidence was at hand and peculiarly within the control of the defendant, whereby such inference, if unjust, could be successfully rebutted.    The failure to produce evidence known to be within the control of a party to the litigation, and known to be material, or conclusive as in this case, may rightly be considered by the jury in determining the rights of the parties.    The facts revealed by the testimony of Mr. Thomas, and his attitude as counsel in this and the former trial, may have moved the jury to discredit the theory and sincerity of the defense.    But of this there is no complaint, and whatever the weight given it by the jury, may not now be considered.

Whether under the issues made by the pleadings, it was necessary for plaintiff to prove that the men who operated the locomotive and cars on the St. L. T. & E. Ry. track were servants of the defendant, it is not necessary to decide. The authorities cited by appellee in that contention seem to be in point, and in this kind of case, under circumstances shown by this record, we are impressed by the argument in favor of such rule.    As indicated by the foregoing discussion, we regard the evidence sufficient to sustain the declaration.

Finding no prejudicial error under any assignment on the record, the judgment of the Circuit Court will be affirmed.

*Affirmed.*