# Chicago & Western Indiana Railroad Company v. Thomas Newell.

## Gen. No. 11,217.

1. COMMON CARRIER—*duty of, where passenger train is overcrowded.* Where a carrier knows of the overcrowded condition of a passenger train before it leaves the station, it is its duty to exercise additional care commensurate with the dangers and perils in which the passengers are placed by reason of such overcrowded condition.

2. CONTRIBUTORY NEGLIGENCE—*how question of, determined, where passenger rides upon the platform of a car.* Whether it is negligence for a passenger to ride upon the platform of a car when the train is traveling at a high rate of speed, is a question of fact to be determined from a consideration of all the facts and circumstances in evidence.

3. NEGLIGENCE—*when question of, is properly submitted to jury.* A carrier must be held to know of the existence of a reverse switch which forms part of the permanent construction of its road; also, to be charged with knowledge of the violence of the swerve or lurch and its effect upon the cars when the train is propelled over this reverse curve at a high rate of speed, and where it fails to warn its passengers upon a crowded train of this condition and a passenger is injured by reason of being thrown by such lurch, the question of the negligence of such carrier is properly submitted to the jury.

4. ADMISSIONS—*effect of, in one plea upon proof required of another.* At law each plea is independent of every other and an admission contained in one plea cannot be used to limit the effect of another.

5. STATION AND TRACKS—*what sufficient evidence of ownership of.* Held, from particular evidence, that the ownership of a certain station and tracks by the defendant company was sufficiently established.

6. SUPPRESSION OF EVIDENCE—*presumption arising from.* When one party has evidence upon a point as to which the other party has made out a *prima facie* case, but fails to present it, the law is well settled that such failure may be taken as an admission that such evidence, if presented, would not aid the party who has it.

7. LESSOR CARRIER—*liability of, for negligence of lessee carrier.* The carrier who owns a road is liable for the negligence of another carrier which runs trains over that road by its authority and with its permission, and this regardless of the contract arrangement between the two roads.

8. INSTRUCTIONS—*when failure to use phrase "from the evidence," is not error.* The phrases "under the evidence and the instructions of the court" and "from the preponderance of the evidence in this case and under the instructions of the court," respectively, are not misleading and are proper substitutes for the customary term "from the evidence."

Action on the case for personal injuries.  Appeal from the Superior
Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.
Heard in this court at the March term, 1903.  Affirmed.  Opinion filed
March 17, 1904.

**Statement by the Court.**   The Loyal Orange Institution
of Illinois .contracted with the Chicago, Indianapolis &
Louisville Railway Company to run, on July 12, 1899, four
picnic trains from the Chicago station of appellant to
Monon Park, Indiana, a station upon the main line of ap-
pellant, for the accommodation of two thousand passengers
or more.   These trains were scheduled to leave the Chicago
station at 9 A. M., 9:45 A. M., 10:15 A. M., and 1:30 P. M.  The
tickets sold for this picnic gave this information to the
purchasers.

At Seventy-ninth street in the city of Chicago appellant
has four main tracks.   There the two easterly (out-bound)
tracks cross the two westerly (in-bound) tracks by a nine
degree curve to the west, and as soon as the crossing is
made they turn to the east by an eight degree curve.

A little before ten o'clock A. M. on the day named appel-
lee reached the city station intending to go to the picnic.
He had purchased one of the tickets issued for that purpose.
He found a special train of ten coaches awaiting passengers.
He entered the rear door of the rear car, and, in search of
a seat, passed through all the cars, finding none.   Passen-
gers were standing in the aisles and upon all the platforms.
After he had passed out of the front car upon the platform
he found he could not get back into the car because of the
crowded condition of the platform and of the doorway.
He therefore remained upon the platform.   Before the train
started two of the managers of the society remonstrated
with the railway officials having charge of the train as to
its crowded condition, and asked them to order off a part
of the passengers and to put on another train.   Their re-
quests met with no answer.   At 10:30 A. M. the conductor
cried "All aboard," adding that there would be no other
train to Monon Park until 1:30 P. M.  The train crew in
charge of this train was a freight crew.   It is not shown

that they were accustomed to run passenger trains. The evidence tends to show that when the train passed over this reverse curve at Seventy-ninth street it was going at a high rate of speed, and that the resultant swerve or lurch was very violent, throwing appellee and one other passenger to the ground and prostrating many of the persons who were standing up within the cars. For the damages he there received appellee brought this suit and recovered a verdict in the sum of $5,000, upon which judgment was rendered. To reverse that judgment appellant perfected this appeal.

G. W. KRETZINGER and L. L. SMITH, for appellant.

PROUDFIT & LANTZ, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

The common carrier knew the crowded condition of this train before it left the station. Its managing servants were well aware that all the seats in the cars were filled and that many passengers were standing in the aisles and upon the platforms, and that others had crowded into the baggage car. Notwithstanding this, they started the train upon its journey. Under these circumstances it became and was the duty of the carrier to exercise additional care commensurate with the perils and dangers in which the passengers were placed by reason of the overcrowded condition of the cars. The carrier cannot disregard the actual state of things it permits or suffers to exist. Lynn v. So. Pac. Ry. Co., 103 Cal. 7. There is ample evidence tending to establish the fact that in passing over this reverse curve the train was run at a high and dangerous rate of speed. Five witnesses swear that at the time of the accident the train was running from twenty-five to thirty miles per hour. The attendant swerve or lurch was so severe that many persons standing in the aisles were thrown down and that some of the sitting passengers were thrown from their seats. The evidence justified the jury in finding that, considering all the circumstances, the carrier was not in the exercise of

reasonable care in the management of its train at the time and place of the accident.

Appellee was guilty of no contributory negligence, which as matter of law, will bar him from recovery. When he entered the rear door of the rear car he looked for a vacant seat, but found none. In his search he then passed through the next car, and thus on until he found himself on the front platform of the front passenger car, with like result. He then turned to re-enter that car, but found the way blocked by other passengers whose rights were equal to his own. " He did not owe a duty to the railroad company to push and crowd his way in order to get an advantage over other passengers in securing a place within the car, and it does not follow as a matter of law that he was guilty of negligence for not so doing. Nor did his duty to the company require that he should wholly disregard the usual and ordinary courtesies and amenities of life." C. & A. Ry. Co. v. Fisher, 141 Ill. 630. Failing in his effort to get into the car, appellee contented himself with standing room upon that platform. Whether it is negligence or not for a passenger to ride upon the platform of a car when the train is traveling at a high rate of speed, is a conclusion of fact to be drawn from a consideration of all the circumstances. L. S. & M. S. Ry. Co. v. Kelsey, 180 Ill. 530; Willis v. Long Island Ry. Co., 98 N. Y. 60; Graham v. McNiell, 20 Wash. 466. No servant of the carrier warned him of the general dangers of that place, nor asked him to step off to await the going of the next train. On the contrary, the conductor, well knowing the overcrowded condition of the cars, within and without, invited the passengers to remain where they were by crying "All aboard" and announcing that no other train would leave for Monon Park until three hours later. The carrier must be held to have known of the existence of this reverse curve, for it was a part of the permanent construction of the main east-bound tracks. For the same reason it must be charged with knowledge of the violence of the swerve or lurch and its effect upon the cars when the train was propelled over this reverse curve at a

high rate of speed.    Yet it did not warn the passengers of this danger, nor proceed with that caution in passing over it which the situation required.    The question of due care, or the lack of it, was properly submitted to the jury.    C. & A. Ry. Co. v. Fisher, *supra.*

The contention of appellee that because appellant filed a special plea setting out its ownership of the road and its lease of the same to the Louisville, New Albany & Chicago Railroad Company, and the succession of the Chicago, Indianapolis & Louisville Railroad Company as lessee under said lease, and because appellant, after a demurrer was sustained thereto, elected to stand by such plea, said plea is a part of record in this case, and estops appellant from denying its ownership of the road, is not well taken.    The statute (sec. 29, ch. 110, Hurd) provides that the defendant may plead as many matters of fact in several pleas as he may deem necessary for his defense.    The general issue, which was interposed, is a denial of the entire cause of action.    To give this special plea the effect contended for would operate, to that extent, as a waiver of the general issue; thereby creating an absurdity in pleading.    Troy & R. Ry. Co. v. Kerr, 17 Barb. N. Y. 599.    At law, each plea is independent of every other, and the admission contained in one plea cannot be used to limit the effect of another. St. Louis v. Wisdom, 72 Tenn. 700.    The lease by appellant to the Louisville, New Albany & Chicago Railroad Company was put in evidence by appellee.    It covered ninety-five pages of the record.    It is not abstracted.    In this condition of the abstract appellant will not be heard to say it is not proven that the track where the accident happened was a part of its road which passed under the lease.    There is ample evidence to justify the jury in finding that appellant owned the Chicago station and tracks in question.    This station is shown to be in the control of appellant.    Upon the bulletin-board therein its name is printed over the names of the several companies whose trains enter and depart therefrom.    It employs and pays the train dispatcher who controls those trains; and all engineers are

governed by its rules and schedules. It is true that the tenant companies repay appellant for all services it renders at the station; but this fact only emphasizes its dominant control. That appellant assumed and continued in control of the station and tracks, as is shown by its leasing the same. to other lines, and by its subsequent conduct, is *prima facie* evidence of its ownership. Appellant offered no evidence upon the question of its. control or upon its ownership. Such evidence, in the very nature of things, was in its possession. Where one party has evidence upon a point, as to which the other party has made a *prima facie* case, but fails to present it, the law is well settled that such failure may be taken as an admission that such evidence, if presented, would not aid the party who has it.

The contention of appellant that to hold the lessor company liable for acts of negligence of the lessee company, is an impairment of the obligations of the lessor's contract rights, a taking of the property of the lessor without due process of law, in violation of the constitution of the United States, we will not discuss. It is not for us to overrule the many decisions of our Supreme Court holding that the company that owns the road is liable for the negligence of other companies which run trains over that road by its authority and with its permission. Penn. Co. v. Ellett, 132 Ill. 654; C. & E. I. Ry. Co. v. Meech, 163 Ill. 305; C. & W. Ind. Ry. Co. v. Doan, 195 Ill. 168; W. Chi. St. Ry. Co. v. Horne, 197 Ill. 250.

It was not error for the court to refuse to instruct the jury to render a verdict for appellant. There is evidence tending to prove a want of due care upon the part of the railway company operating the train, for which want of due care, under the authorities last cited, appellant is responsible; and there is evidence tending to show the exercise of reasonable care for his personal safety upon the part of appellee. These questions of fact were for the consideration of the jury. The trial court had no power, in the first instance, to pass upon them, as it would have done had it given this instruction. The fifth given instruction when

read in full states the law correctly. Penn. Co. v. Ellett, *supra;* C. & A. Ry. Co. v. Fisher, *supra.* The fourth and fifth given instructions do not require the jury to believe any fact from the instructions. In our opinion neither the phrase, " under the evidence and the instructions of the court," (4th instruction,) nor the phrase, " from the preponderance of the evidence in this case and under the instructions of the court," (6th instruction,) misled the jury. Refused instructions 4, 5, 7 and 9, in so far as they correctly state the law, are covered by given instructions 1, 2, 3, 6 and 9.

We find no reversible error in the exclusion of evidence tendered by appellant.

The judgment of the Circuit Court is affirmed.

*Affirmed.*