## Josephine Zimmerman, Appellant, v. John Zimmerman, Appellee.

### Gen. No. 5,112.

1. DIVORCE—*when decree may properly deprive wife of property interests.* If a decree of divorce is awarded because of the adultery of the wife, it is not improper for the court to enter a decree extinguishing her interest in property which had been purchased with the money of the husband.

2. DIVORCE—*how proof of adultery may be made.* The offense of adultery may be sufficiently proved by circumstances which raise the presumption of cohabitation and unlawful intimacy; it is not necessary to prove the direct fact of adultery; the fact is inferred from circumstances that lead to it by fair inferences as a necessary conclusion.

3. EVIDENCE—*effect of failure to call witness.* When neither party to a civil suit calls an available witness, whatever presumptions will be indulged from the failure to call such witness, will be against the party to whose interests such witness would most likely incline.

4. APPEALS AND ERRORS—*when findings of chancellor not disturbed.* The findings of fact by a chancellor will not be disturbed on review unless it is apparent that error has been committed.

Divorce. Appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 24, 1909.

E. MEERS, for appellant.

J. J. WELLNITZ and J. W. D'ARCY, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was a suit for divorce brought by Josephine Zimmerman, appellant, against John Zimmerman, appellee, December 6, 1907, in the Circuit Court of Will county. The bill charged that appellee had been guilty of habitual drunkenness for more than two years theretofore, and of extreme and repeated cruelty toward complainant, and prayed for a divorce. Appellee filed an answer denying these charges, and, on

leave of court, filed a cross bill, in which he charged that complainant had, since July 19, 1906, frequently committed adultery with one Charles Krieger, and prayed for a divorce. The complainant answered the cross-bill, denying the charges therein. A trial before the court resulted in a decree dismissing the original bill for want of equity, and granting the complainant in the cross-bill a decree of divorce on the ground of adultery, and ordering that he should have the care, custody, control and education of the four minor children free from interference upon the part of appellant, and that he should have exclusive control, possession and ownership of certain real estate therein described. The complainant in the original bill prosecutes this appeal.

Appellant contends that the trial court was not justified under the evidence in denying the prayer of the original bill and also that the charges of adultery made in the cross-bill were not sustained by a preponderance of the testimony and further that the decree was inequitable because appellant was deprived of her interest in the property and prevented from living with or visiting her minor children at their home.

The proof shows that the property was purchased with appellee's money, and that the title was in him. If the decree is maintainable under the evidence, there was no error in extinguishing appellant's statutory rights to the property. That portion of the order relating to the custody of the children is ambulatory and can be changed on application to the lower court as conditions vary.

Appellant testified, in support of the allegation in the original bill, that appellee was drunk most of the time. In this she was not corroborated, but on the contrary, five witnesses, all but one of whom had known appellee about fifteen years, two of whom had resided near him, and one who worked with him, and another under whose supervision he

had worked, all testified that they had never seen him intoxicated. These witnesses were not interested in the result of the suit, neither was their credibility questioned. Appellant admitted, on cross-examination, that appellee never lost a day's work on account of being intoxicated. Therefore it is clear that the evidence did not establish the allegation that appellee had been an habitual drunkard for more than two years prior to the filing of the bill. Neither was there a preponderance of evidence to sustain the charge of extreme and repeated cruelty, and none whatever of any cruelty for more than two years prior to the filing of the bill.

The vital question is, did the court err in sustaining the charge of adultery laid in the cross-bill? The evidence does not show a direct act of adultery, but, "The offense of adultery may be sufficiently proved by circumstances which raise the presumption of cohabitation and unlawful intimacy. It is not necessary to prove the direct fact of adultery. The fact is inferred from circumstances that lead to it by fair inferences as a necessary conclusion. It has been said that 'the only general rule that can be laid down upon that subject is, that the circumstances must be such, as would lead the general discretion of a reasonable and just man to the conclusion.'" Stiles v. Stiles, 167 Ill. 576; Heyman v. Heyman, 210 Ill. 524.

It appears from the proof, that, for some time, appellee had complained of appellant's actions in associating with Krieger the co-respondent, who was a widower and a saloon keeper; that he went to Krieger and begged him to leave his wife alone, and that Krieger threatened to shoot him. A woman, who rented a room to Krieger, testified that he had some woman there almost every night for two months and that she saw through the key hole a woman on the bed with him, and that they conversed in the Kocheverish language which appellant and Krieger spoke. Appellant later scolded the witness and threatened her with

a law suit if she said she was the woman. Appellant and Krieger were seen holding hands on the public street and to enter a saloon through an alley. She was seen to visit Krieger's saloon and was seen at a theater with him. It was also shown that she talked frequently over the 'phone to him. Appellee worked nights much of the time and Krieger was seen entering the Zimmerman home after midnight with a cap pulled over his eyes, while Zimmerman was at work, and was there many times in the day time when only appellant and her small children were at home. They were seen sitting in the swing in her yard together, and to go into the barn where they staid for an hour. Krieger's sister testified that appellant was at the opening of her brother's saloon, and that he and she went away together; and that appellant often came to his restaurant. Appellant admitted that she met him and went to a restaurant with him, and that she, at another time, visited the theater with him, and at another time walked down the street with him a couple of blocks, and that Krieger came to the house a few times, but she said there were other people there. She admitted that she called him on the telephone, but only once, and then to inquire about her husband. She denied that she had been guilty of adultery with Krieger, and stated that she had had no regard for her husband for two years, and that she had had nothing to do with him for that time. Appellee testified that he had had nothing to do with any woman except his wife, and that in July, 1906, he contracted a venereal disease from her, and gave the name of the doctor who treated him. He also testified that appellant had had nothing to do with him for a year. Appellant denied that she had a venereal disease but did not call the doctor referred to by appellee. Krieger was neither called as a witness nor was any explanation given for not calling him. This is a civil suit, and while he might have been called by either party his interest would make him a much more willing witness for appellant than for ap-

pellee, and if there is any inference to be drawn from such failure to testify, it is against appellant.   East St. Louis Connecting Ry. Co. v. Altgen, 112 Ill. App. 471; Chicago & Western Indiana R. R. Co. v. Newell, 113 Ill. App. 263.

Krieger and appellant were both experienced in life and marital affairs, and to say they were together from good motives would be unwarranted by the evidence.

This evidence was heard in open court, and while conflicting in some of the grave particulars, the conflict arises almost entirely from the contradictory statements of the parties litigant.  The chancellor saw them and heard them testify and was in a position to judge of their credibility better than we are, from reading their evidence as it appears in the record. Under such circumstances, a court of review will not disturb the finding of the chancellor unless it is apparent that error has been committed.  Dowie v. Driscoll, 203 Ill. 480.  In Biggerstaff v. Biggerstaff, 180 Ill. 407, it is said, "The law is established in this state that where a cause is heard by the chancellor, and the evidence is all, or partly oral, it must appear that there is clear and palpable error before a reversal will be had."  In this case, no such error appears to have been committed by the trial court in making its findings, and, as the chancellor heard and saw the witnesses, not only upon the charge of adultery preferred by the cross-bill, but upon the charges of intoxication and cruelty laid in the original bill, we are unable to say that his conclusions are not correct and supported by the evidence.  Where the testimony is conflicting and the conclusions to be drawn from it depend largely upon the credit which should be accorded to the different witnesses and to the weight and value of their testimony, and where the chancellor has a superior opportunity for forming an opinion as to the relative weight and merit of the testimony given by the several witnesses whom he sees, and whose testimony he

hears, his finding will not be reversed where it appears, as it does here, that he has not clearly and unmistakably fallen into error. Arnold v. Northwestern Telephone Co., 199 Ill. 201; Heyman v. Heyman, *supra*.

The decree of the lower court is affirmed.

*Affirmed.*

Mr. Justice DIBELL having presided at the trial of this case, took no part in its consideration here.